COMPOSITE EXHIBIT A

Filing # 86796279 E-Filed 03/21/2019 11:50:52 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE SECOND  JUDICIAL CIRCUIT,
IN AND FOR LEON  COUNTY, FLORIDA

Case No.: 2019 CA 000697
Judge: _____

CHRISTINA WORLEY
Plaintiff
  vs.
FLORIDA DEPARTMENT OF CORRECTIONS, CENTURION OF FLORIDA LLC
Defendant

**II.     TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
      ☒  Monetary;
      ☒  Non-monetary declaratory or injunctive relief;
      ☒  Punitive

IV. **NUMBER OF CAUSES OF ACTION:** (    )
    (Specify)

        <u>1</u>

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
      ☐  Yes
      ☒  No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
      ☒  No
      ☐  Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
      ☒  Yes
      ☐  No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Marie A Mattox</u>    FL Bar No.: <u>739685</u>
     Attorney or party                                  (Bar number, if attorney)

   <u>Marie A Mattox</u>     <u>03/21/2019</u>
    (Type or print name)                       Date

Filing # 86796279 E-Filed 03/21/2019 11:50:52 PM

**IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA**

**CHRISTINA WORLEY,**

**CASE NO: 19-CA-**  2019 CA 000697
**FLORIDA BAR NO. 0739685**

**Plaintiff,**

v.

**FLORIDA DEPARTMENT OF
CORRECTIONS and CENTURION OF
FLORIDA, LLC,**

**Defendants.**

_____/

## COMPLAINT

Plaintiff, CHRISTINA WORLEY, sues Defendant, FLORIDA DEPARTMENT OF

CORRECTIONS and CENTURION OF FLORIDA, LLC, and alleges as follows:

### NATURE OF THE ACTION

1.      This action is pursuant to § 112.3187, Florida Statutes (Florida's Public Employee

Whistleblower Act), § 448.101 *et seq.*, Florida Statutes (Florida's Private Employee

Whistleblower Act), and Chapter 760, Florida Statutes.

2.      This is an action for damages in excess of Fifteen-Thousand ($15,000.00) Dollars,

exclusive of attorney's fees and costs.

### PARTIES

3.      At all times material hereto, Plaintiff, CHRISTINA WORLEY, has been a resident

of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class

because of her gender and because she reported unlawful conduct and was subjected to retaliation

thereafter. Accordingly, Plaintiff is *sui juris*.

4.     At all times material hereto, Defendant, FLORIDA DEPARTMENT OF CORRECTIONS ("Defendant DOC"), has been organized and existing under the laws of the State of Florida.  At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.  Defendant was Plaintiff's employer as it relates to these claims.

5.     At all times material hereto, Defendant, CENTURION OF FLORIDA, LLC ("Defendant Centurion"), has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.  Defendant was Plaintiff's employer as it relates to these claims. Defendant Centurion entered into a contractual agreement with Defendant DOC to provide comprehensive health care services.

## CONDITIONS PRECEDENT

6.     Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and with the EEOC. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

7.     Plaintiff began her employment with Defendants DOC and Centurion in May 2016 and held the position of Registered Nurse at Defendant DOC's Northwest Florida Reception Center at the time of her wrongful termination on December 29, 2017.

8.     Plaintiff was subjected to a hostile work environment, disparate treatment, different terms and conditions of employment, and was held to a different standard because of her gender (female) and was the victim of retaliation after her reporting. Moreover, Plaintiff reported Defendants' actual or suspected violations of laws, rules and/or regulations and/or malfeasance,

2

misfeasance, and gross misconduct and was subject to further retaliation leading up to her wrongful termination.

9.      The mistreatment came at the hands of specifically but not limited to Director of Nursing ("DON") Brandi Blocker, Health Services Administrator Tara Johnson, and Human Resource Direction Sara Brus.

10.     In July 2017, Plaintiff reported to DON Blocker that an inmate was not receiving appropriate medical care given the severity of his medical condition. Plaintiff subsequently filed a complaint with Defendant reporting the actual and/or suspected violations of laws, rules and/or regulations and/or misfeasance, malfeasance, and/or gross misconduct.

11.     Specifically, in or around June 2017, an inmate housed with Defendant was sent to an outside hospital and placed on life support. On June 16, 2017, Defendant was notified that said inmate would not be transferred back to Defendant, but rather a separate DOC facility that was more equipped to handle the inmate's medical conditions. However, on June 17, 2017, Plaintiff was notified by DON Blocker that said inmate would be returning to Defendant's care at the same institution. As such, Plaintiff and her co-workers attempted to get all patient supplies needed for this inmate's medical condition; however, Defendant did not have the appropriate supplies available. Plaintiff subsequently reported to DON Blocker that Defendant, at the existing facility, would not be able to adequately care for this inmate. Nevertheless, Defendant accepted the inmate back even without the proper medical supplies and equipment.

12.     Upon the inmate's arrival back at the facility, RN Bahillo assessed the patient and again determined that Defendant did not have the adequate equipment or staff to appropriately care for the inmate. Nevertheless, Dr. Lay, who had never seen nor medically treated the patient, called RN Bahillo and stated that Defendant would accept the inmate. The following Monday, the inmate died after suffering from an elevated temperature with no IV pain medication and/or

sedation since he was discharged from the outside hospital. The inmate died in an open bay being observed by other inmates walking in and out.

13.     On July 3, 2017, Plaintiff submitted an official report to Human Resources detailing the inadequate care provided to said inmate and the gross misconduct that was performed by Defendants. Moreover, Plaintiff reported further misconduct by way of Defendants' unsafe work environment for its medical personnel including specifically without limitation inmate stabbings, inmates assaulting security, rumors of riots, and lack of medical personnel. However, Plaintiff never received a response from anyone within Defendants regarding her reporting.

14.     On November 11, 2017, Plaintiff was working in the Infirmary on the 7 am to 7 pm shift. One of the inmates in the open infirmary bay kept displacing his catheter, lying naked, and kept calling for Plaintiff to repeatedly fix his catheter. After this had happened multiple times, Plaintiff realized she was being forced to virtually "masturbate" this inmate, by repeatedly having to touch his penis each time said inmate intentionally displaced his catheter.

15.     Said inmate told other patients he was having Plaintiff "masturbate" him when Plaintiff was not in the area, as told to Plaintiff by a co-worker.

16.     The following day, Plaintiff reported the incident to DON Blocker. In telling DON Blocker, and writing a report about it, Plaintiff's expectation was that the inmate would be disciplined and placed in confinement. This would have been customary to Defendant DOC's policy which stated when an inmate crossed boundaries with lewd and lascivious exposure, or attempt to establish any inmate relationship with staff; they – the inmate(s) – are moved.

17.     However, the inmate in question was not disciplined and/or placed in confinement. Instead, in evidence of retaliation for her reporting, Plaintiff was forced to move locations three

(3) separate times. Moreover, multiple employees within Defendant refused to assist Plaintiff with her work duties.

18.     Plaintiff pleaded with administration for help, as she was traumatized and suffered from nightmares, flashbacks, and excessive anxiety. However, Health Administrator Tara Johnson refused to talk to Plaintiff about the issues that Plaintiff has addressed above.

19.     DON Blocker told Plaintiff she did not know what Plaintiff wanted, and HR Director Sara Brus told Plaintiff she did not believe her. Plaintiff contends she should have been referred to EAP for counseling due to the incident with the inmate referenced above. However, Defendant failed to follow proper procedures, resulting in continued mistreatment towards Plaintiff.

20.     Thereafter, Plaintiff again reported actual or suspected violations of laws, rules and/or regulations and/or misfeasance, malfeasance, and/or gross misconduct by Defendants regarding specifically but not limited to negligent and inadequate medical care and safety concerns for the staff in the Medical Service Building within Defendant DOC. Plaintiff repeatedly reported these issues internally to Don Blocker, Health Services Administrator Johnson, HR Director Brus, and DOC Warden Maddox.

21.     On November 14, 2017 Plaintiff was called into an inquiry with Warden Maddox regarding Plaintiff reporting violations of one or more laws, rules, and/or regulations and/or misfeasance, malfeasance and/or gross misconduct. Specifically, Plaintiff reported safety issues regarding several inmates housed within the Defendant DOC. By way of example, inmates regularly engaged in hostile behavior by way of verbal altercations towards Defendants' employees. However, Defendants did not take any corrective action.

22.     On November 16, 2017, Plaintiff filed a written complaint regarding the ongoing violations of laws, rules and/or regulations and/or misfeasance, malfeasance, and/or gross

misconduct. Specifically, Plaintiff outlined the dates that inmate incidents had occurred with no

corrective action, and identified herself as a whistleblower due to her growing safety concerns.

Moreover, Plaintiff reported that inmates routinely heard radio communications announcing

critical staff levels and regularly ran the control panel in Defendant DOC's officer stations, which

were direct violations of Defendant DOC's policies and procedures.

23.     On December 26, 2017, Plaintiff was called into a second inquiry with Warden

Maddox regarding her reporting. Plaintiff disclosed further acts of Defendants' violations among

the medical staff.  Three (3) days later, Plaintiff was fired.

24.     On December 29, 2017, Plaintiff was wrongfully terminated by Defendant using a

twisted version of events that Plaintiff was asked to report to Medical Director Lay and Warden

Maddox.

25.     Thus, in retaliation for filing her internal complaint, for reporting actual and/or

suspected violations of laws, rules and/or regulations and/or malfeasance, misfeasance and/or

gross misconduct, participating in an investigation and/or inquiry, and in continued disparate

treatment due to her gender, Plaintiff was wrongfully terminated on December 29, 2017.

26.     Plaintiff has retained the undersigned counsel(s) to represent her interests in this

cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee,

along with costs incurred in connection with this action, under applicable law.

## COUNT I
## PUBLIC EMPLOYEE WHISTLEBLOWER RETALIATION
### (Claim against Defendant DOC)

27.     Plaintiff realleges and incorporates by reference paragraphs 1 through 26, as if set

forth in their entirety herein.

28.     This Count sets forth a claim on behalf of Plaintiff against Defendant DOC

pursuant to §112.3187, Florida Statutes.

29.     As stated more specifically herein in part above, Plaintiff reported and disclosed, verbally and in writing, violations of law, rules or regulations, mismanagement, malfeasance, misfeasance, gross waste of public funds and/or gross neglect of duty committed by one (1) or more employees, agents or independent contractors of Defendant to persons both inside and outside of her normal chain-of- command, and to others having the authority to investigate, police, manage and, otherwise, remedy the violations that he reported.

30.     After reporting these matters, opposing illegal activities, and/or participating in inquiries, investigations, hearings, or other agency inquiries, as related in part above, Plaintiff became the unwitting victim of retaliatory actions, as set forth in part above.

31.     Plaintiff's adverse treatment, including her termination, was a direct and/or proximate adverse result of her reporting/opposing violations of laws, rules or regulations, of her reporting malfeasance, misfeasance or gross misconduct, and/or of her participating in investigations, hearings or other inquiries, as chronicled in part above.

32.     The actions of all of the employees and/or agents of Defendant who affected Plaintiff's relationship with Defendant adversely did so at least in part in retaliation against her for her "whistleblowing" activities.

33.     As a direct and/or proximate result of the actions taken against her by Defendant Plaintiff has suffered injury, including, but not limited to, past and future wage losses, and other tangible and intangible damages.  These damages have occurred in the past, are occurring at present, and will likely continue on into the future.

## COUNT II
## VIOLATION OF SECTION 448.102, FLORIDA STATUTES
### (Claim against Defendant Centurion)

34.     Paragraphs 1 through 26 are realleged incorporated herein by reference.

35.     This is an action brought under § 448.101 *et seq.*, Florida Statutes.

36.     As set forth in greater detail above, during the course of Plaintiff's employment, she objected to certain practices of Defendant that were in violation of state and/or federal laws, rules and/or regulations and/or she reasonably and objectively believed they were in violation of same.

37.     After Plaintiff objected, Defendant terminated her.

38.     Plaintiff was terminated because she disclosed a practice of the Defendant that is in violation of a law, rule, or regulation, and Plaintiff brought the activity, policy, or practice to the attention of a supervisor, and/or to Defendant and afforded Defendant a reasonable opportunity to correct the activity, policy, or practice and/or objected to, or refused to participate in, any activity, policy, or practice of Defendant which is in violation of a law, rule, or regulation and/or she reasonably and objectively believed they were in violation of same.

39.     The disclosures made by Plaintiff are protected under § 448.102, Florida Statutes.

40.     As a direct and proximate cause of Plaintiff's participation in the whistleblowing activities referenced above, Plaintiff has been damaged, which damages include but are not limited to emotional pain and suffering, lost wages, other tangible and intangible damages, and any other compensatory damages allowed by law.  Plaintiff is also entitled to injunctive relief.

## COUNT III
## GENDER DISCRIMINATION
### (Claim against both Defendants)

41.     Paragraphs 1- 26 are re-alleged and incorporated herein by reference.

42.     This is an action against Defendant for discrimination based upon gender brought under Chapter 760, Florida Statutes.

43.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendant who are male

and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's gender.

44.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

45.     Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

46.     Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

47.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

48.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein led, at least in part, to Plaintiff's termination.

49.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of Chapter 760, Florida Statutes.

50.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have

occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief.

## COUNT IV
## RETALIATION
### (Claim against Both Defendants)

51.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 26, as if set forth in their entirety herein.

52.     Defendant is an employer as that term is used under the applicable statutes referenced above.

53.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under Chapter 760, Florida Statutes.

54.     The foregoing unlawful actions by Defendant were purposeful.

55.     Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

56.     Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter.  There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

57.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.  These damages are continuing and are permanent.  Plaintiff is entitled to injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

(a)     that process issue and this Court take jurisdiction over this cause;

(b)     that this Court grant equitable relief against Defendant under the counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     that this Court enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     that this Court enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     that this Court enter judgment against Defendant and for Plaintiff awarding Plaintiff costs and attorneys' fees, as allowed by law;

(f)     that this Court award Plaintiffs interest as allowed by law; and that this Court grant such other and further relief as is just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 21st day of March, 2019.

Respectfully submitted:

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
**MARIE A. MATTOX, P. A.**
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:  (850) 383-4801

**ATTORNEYS FOR PLAINTIFF**

Filing # 86796279 E-Filed 03/21/2019 11:50:52 PM

**IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA**

**CHRISTINA WORLEY,**

       **Plaintiff,**

v.

**FLORIDA DEPARTMENT OF
CORRECTIONS and CENTURION OF
FLORIDA, LLC,**

       **Defendants.**

_____/

**CASE NO: 19-CA-** 2019 CA 000697
**FLORIDA BAR NO. 0739685**

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      **DIVISION OF RISK MANAGEMENT
Department of Financial Services
200 East Gaines Street
Tallahassee, FL 32399**

      Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on _____3/22/2019_____, 2019.

                       CLERK OF THE CIRCUIT COURT

                       By:_____
                       Deputy Clerk

Filing # 86796279 E-Filed 03/21/2019 11:50:52 PM

**IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA**

**CHRISTINA WORLEY,**

     **Plaintiff,**

**CASE NO: 19-CA-**   2019 CA 000697
**FLORIDA BAR NO. 0739685**

v.

**FLORIDA DEPARTMENT OF
CORRECTIONS and CENTURION OF
FLORIDA, LLC,**

**SUMMONS**

     **Defendants.**

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

     **FLORIDA DEPARTMENT OF CORRECTIONS**
     **c/o Julie L. Jones, Secretary**
     **501 South Calhoun Street**
     **Tallahassee, FL 32399**

     Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

     DATED on _____3/22/2019_____, 2019.

CLERK OF THE CIRCUIT COURT

By:_____
Deputy Clerk

Filing # 86796279 E-Filed 03/21/2019 11:50:52 PM

**IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA**

**CHRISTINA WORLEY,**

**CASE NO: 19-CA-** 2019 CA 000697
**FLORIDA BAR NO. 0739685**

     **Plaintiff,**

**v.**

**FLORIDA DEPARTMENT OF
CORRECTIONS and CENTURION OF
FLORIDA, LLC,**

**SUMMONS**

     **Defendants.**

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

     **CENTURION OF FLORIDA, LLC
C/O C T CORPORATION SYSTEM – REGISTERED AGENT
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324**

     Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.,** Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301,** within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

     DATED on _____3/22/2019_____, 2019.

CLERK OF THE CIRCUIT COURT

By:_____
Deputy Clerk



# LEON COUNTY Receipt of Transaction
## Receipt #    1414155

GWEN MARSHALL
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
Marie A. Mattox
310 East Bradford Road
Tallahassee, FL  32303

**On Behalf Of:**

On: 3/22/2019   1:08:15PM
Transaction # 100668709
Cashiered by: M HENDRY

CaseNumber  2019 CA 000697

Judge  KEVIN J CARROLL

CHRISTINA WORLEY  *VS*  FLORIDA DEPARTMENT OF CORRECTIONS

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (COMP_CA) COMPLAINT | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (SUIS) SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| (SUIS) SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| (SUIS) SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| **Total:** | **430.00** | **0.00** | **0.00** | **430.00** | **430.00** | **0.00** |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Grand Total:** | **430.00** | **0.00** | **0.00** | **430.00** | **430.00** | **0.00** |

PAYMENTS

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| CREDIT CARD EFILE | 86796279 | OK | 430.00 | 0.00 | 0.00 | 0.00 | 430.00 |
| | | **Payments Total:** | **430.00** | **0.00** | **0.00** | **0.00** | **430.00** |

Filing # 91562083 E-Filed 06/26/2019 03:32:07 PM

# VERIFIED RETURN OF SERVICE

Job # T192882

**Client Info:**

MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL 32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| CHRISTINA WORLEY | |
| -versus- | |
| **DEFENDANT:** | County of Leon, Florida |
| FLORIDA DEPARTMENT OF CORRECTIONS ET. AL. | Court Case # 2019 CA 000687 |

**Service Info:**

**Date Received by Accurate Serve: 6/18/2019 at 01:27 PM**
**Service:** I Served **DIVISION OF RISK MANAGEMENT DEPARTMENT OF FINANCIAL SERVICES**
With: **SUMMONS; COMPLIANT**
by leaving with **DYLAN OWENS, PROCESS AGENT**

At Business 200 EAST GAINES STREET TALLAHASSEE, FL 32399
On 6/18/2019 at 03:25 PM
**Manner of Service: GOVERMENT AGENCY**
PUBLIC AGENCY SERVICE: F.S. 48.111 (1)(a)(b)(c) (2) (3)

I **AUSTIN REED** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Signature of Server:
**AUSTIN REED**
Lic # **268**
**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Our Job # **T192882**




1 of 1

Filing # 92263703 E-Filed 07/09/2019 02:58:20 PM

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL
CIRCUIT IN AND FOR LEON COUNTY, FLORIDA**

**CHRISTINA WORLEY,**

      **Plaintiff,**

**v.**                            **Case No. 2019-CA-000697**

**FLORIDA DEPARTMENT OF
CORRECTIONS and CENTURION
OF FLORIDA, LLC,**

      **Defendants.**

_____/

**NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESS**

PLEASE TAKE NOTICE that, pursuant to Florida Rule of Judicial Administration 2.505(e)(3), the undersigned counsel of the law firm Greenberg Traurig, P.A. hereby appears as co-counsel for Defendant Centurion of Florida, LLC. Undersigned counsel respectfully requests that the plaintiff serve upon her copies of all pleadings and other papers that she files or serves hereafter in this action. Pursuant to Florida Rule of Judicial Administration 2.516(b)(1), the undersigned designates the following primary and secondary email addresses:

Primary Email Address: pagec@gtlaw.com

Secondary Email Addresses: ramosr@gtlaw.com; FLService@gtlaw.com

Respectfully submitted,

/s/ Cayla M. Page
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 33500
Email: molloyk@gtlaw.com

*ACTIVE 44454112v1*

Cayla M. Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, Florida 33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 9, 2019, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice electronically to:

Marie A. Mattox, Esq.
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Marie@mattoxlaw.com

/s/ Cayla M. Page
Attorney

2

Filing # 92262892 E-Filed 07/09/2019 02:52:40 PM

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL
CIRCUIT IN AND FOR LEON COUNTY, FLORIDA**

**CHRISTINA WORLEY,**

     **Plaintiff,**

**v.**                             **Case No. 2019-CA-000697**

**FLORIDA DEPARTMENT OF
CORRECTIONS and CENTURION
OF FLORIDA, LLC,**

     **Defendants.**

_____/

**DEFENDANT CENTURION OF FLORIDA, LLC'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Defendant Centurion of Florida, LLC ("Centurion"), by and through its undersigned counsel and pursuant to Rules 1.110(b) and 1.140(b)(6) of the Florida Rules of Civil Procedure, respectfully requests that the Court dismiss Plaintiff Christina Worley's ("Worley") Complaint in this action. In the alternative, Centurion moves pursuant to Fla.R.Civ.P. 1.140(e) for a more definite statement. The grounds upon which this motion is based are set forth in the following Supporting Memorandum of Law:

**SUPPORTING MEMORANDUM OF LAW**

**I.**

**LEGAL STANDARD**

1.     The Florida Rules of Civil Procedure require that pleadings set forth "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." *See* Fla. R. Civ. P. 1.110(b). "The complaint must set out the elements and facts that support them so that the court and the defendant can clearly determine what is being alleged."

*Barrett v. City of Margate*, 743 So. 2d 1160, 1162-63 (Fla. 4th DCA 1999). It is therefore "insufficient to plead opinions, theories, legal conclusions or argument." *Id.* at 1163.

      2.    Litigants at the outset of a suit must be compelled to state their pleadings with sufficient particularity for a defense to be prepared. *See Horowitz v. Laske*, 855 So.2d 169, 173 (Fla. 5th DCA 2003) (*citing Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A. v. Bowmar Instrument Corp.*, 537 So.2d 561 (Fla. 1988)).

## II.

## ARGUMENT

### A. Plaintiff's Florida Whistleblower Act Claim Is Insufficient

      1.    The Florida Whistleblower Act ("FWA"), § 448.101 *et seq, Fla. Stat.*, was enacted to protect "private employees who report or refuse to assist employees who violate laws enacted to protect the public." *Jenkins v. Golf Channel*, 714 So.2d 558, 563 (Fla. 5th DCA 1998). Further, the FWA "provides employees a cause of action against employers who wrongfully discharge them for…objecting to or refusing to participate in the employer's illegal practices." *Aery v. Wallace Lincoln-Mercury, LLC*, 118 So.3d 904 (Fla. 4th DCA 2013) (*citing Vanacore v. UNC Ardco, Inc.*, 697 So.2d 892, 893 (Fla. 4th DCA 1997)).

      2.    To sustain a claim under the FWA, the employee must identify conduct that constitutes a violation of law, rule, or regulation. § 448.102(1), *Florida Statutes*; *see also Lauray v. Abell*, 2005 WL 2043520 (M.D. Fla. Aug. 25, 2005). A plaintiff must also demonstrate that any alleged conduct objected to by the employee was prohibited or illegal conduct committed by an ***employer***. *See Gillyard v. Delta Health Group, Inc.*, 757 So.2d 601 (Fla. 5th DCA 2000); *Shultz v. Tampa Elec. Co.*, 704 So. 2d 605, 606

*ACTIVE 44344973v1*

(Fla. 2d DCA 1997); *Forrester v. John H. Phipps, Inc.*, 643 So.2d 1109, 1111-12 (Fla. 1st DCA 1994) (emphasis added).

3.     Here, the Complaint alleges, in generalized and conclusory terms that "Plaintiff again reported actual or suspected violations of laws, rules and/or regulation and and/or misfeasance, malfeasance, and/or gross misconduct by Defendants regarding specifically but not limited to negligent and inadequate medical care and safety concerns for the staff in the Medical Service Building within Defendant DOC" and that "Plaintiff reported safety issues regarding several inmates housed within the Defendant DOC." [Complaint, ¶¶ 20, 21].  Even more generally, the Complaint alleges that Worley "objected to certain practices of Defendant that were in violation of state and/or federal laws, rules and/or regulations and/or she reasonably and objectively believes they were in violation of the same...." [Complaint, ¶ 36].  Here, Worley's Complaint does offer any specifics regarding which "Defendant['s]" practices Worley objected to.  [*See id.*].

4.     Accordingly, because Worley's Complaint does not sufficiently plead the requirements that *Centurion* violated a *specific* rule, regulation, or law, Worley cannot sustain a claim under Florida's Whistleblower Act.  Accordingly, Count II of the Complaint should be dismissed, or Worley should be required to file a more definite statement to enable Centurion to identify the allegations lodged against it.

## B. Plaintiff Has Failed To Allege Any Facts Supporting Her Claim That Centurion Was Her Employer

1.     Plaintiff alleges that "she began her employment with Defendants DOC and Centurion" as a Registered Nurse at the Northwest Florida Reception Center in May of 2016 [Complaint ¶ 7]. However, Plaintiff fails to provide any facts to sufficiently support her assertion that she was an employee of Centurion.

3

2.     To establish that an entity is an employer within the meaning of Title VII, or the Florida Civil Rights Act ("FCRA"),[1] a plaintiff must plead that the defendant "(1) fits within the "employer" definition … and (2) 'exercise[s] substantial control over significant aspects of the compensation, terms, conditions, or privileges of plaintiff's employment.'" *Woldu v. Hotel Equities, Inc.*, 2009 WL 10668443, at *9 (N.D. Ga. Sept. 18, 2009), report and recommendation adopted, 2010 WL 11507854 (N.D. Ga. Mar. 18, 2010) (*quoting Magnuson v. Peak Tech. Servs., Inc.*, 808 F.Supp. 500, 507 (E.D. Va. 1992), aff'd, 40 F.3d 1244 (4th Cir. 1994)); *see also Scelta v. Delicatessen Support Services, Inc.*, 57 F. Supp. 2d 1327, 1344 (M.D. Fla. 1999) (applying Title VII analysis to FCRA claims).

3.     Here, however, Worley does not claim that Centurion provided her paychecks, that Centurion directed her work, or that she was subject to Centurion's policies and procedures. Instead, Worley merely asserts "Defendant was Plaintiff's employer as it relates to these claims." [Complaint ¶ 5].

4.     To sustain a claim under the FWA, which prohibits an employer from taking retaliatory personnel action against an employee who "[o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation," a plaintiff must identify conduct of the ***employer*** that she objected to or refused to participate in and that violated a law, rule, or regulation. Similarly, Chapter 760 makes it "an unlawful employment practice for ***an employer*** to discharge or to fail or refuse to hire an individual, or otherwise discriminate against any individual … because

---

[1] "Because the definition of employer under FCRA is 'essentially identical to that in Title VII . . . , interpretations of Title VII are persuasive in interpreting the Florida Civil Rights Act.'" *See Mathis v. Cannon,* 2013 U.S. Dist. LEXIS 26003 (M.D. Fla. Feb. 7, 2013) (*citing Patterson v. Consumer Debt Mgmt. & Educ., I*nc., 975 So. 2d 1290, 1291 (Fla. 4th DCA 2008)).

4

of such individual's race, color, religion sex, national origin, age, handicap, or marital status." (emphasis added).

5.     Here, however, because Worley has not sufficiently plead facts to establish that Centurion was her employer, she therefore cannot establish that her alleged objection to, or refusal to participate in, was in any way related to any conduct attributable to Centurion.  Moreover, Worley also cannot establish that any alleged unlawful employment practice, such as retaliation and gender discrimination, was committed by Centurion.  Accordingly, Worley's Complaint should be dismissed.

### C. Plaintiff's Complaint Conflates Disparate Treatment With Hostile Work Environment

1.     The purpose of a motion for more definite statement under Fla.R.Civ.P. 1.140(e) is to determine if a pleading is sufficiently vague, indefinite, or ambiguous as to require the pleading to be amended in order to enable the responding party to intelligently discern the issues to be litigated and to properly frame its reply or answer. *Conklin v. Boyd*, 189 So.2d 401, 403 (Fla. 1st DCA 1966).

2.     "It is well-settled law that Florida courts follow the three-part framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and its progeny, for establishing, by circumstantial evidence, a discrimination claim based on disparate treatment in the workplace." *Valenzuela v. Globeground North America, LLC*, 18 So.3d 17, 21-22 (Fla. 3d DCA 2009).[2]

3.     In order to establish a *prima facie* case of disparate treatment based on gender discrimination, a plaintiff must prove that: (1) the employee is a member of a

---

[2] Because the Florida Civil Rights Act of 1992 ("FRCA") is modeled after Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, the Court must look to federal case law. *Russell v. KSL Hotel Corp.,* 887 So.2d 372, 377 (Fla. 3d DCA 2004).

protected class; (2) the employee was qualified for her position; (3) the employee suffered an adverse employment action; and (4) similarly situated employees outside the employee's protected class were treated more favorably. *See McDonnell Douglas,* 411 U.S. at 802.

4.      Moreover, hostile environment claims are *distinctly different claims* than disparate treatment claims, and involve distinctly different pleading, proof, and defenses. *See, e.g. Fine v. GAF Chem. Corp.,* 995 F.2d 576, 578 (5th Cir. 1993). Therefore, they must be pleaded as separate claims. *See Harris v. Radioshack Corp.,* 2002 WL 1907569, at *2 (S.D. Fla. May 23, 2002); *Russo-Lubrano v. Brooklyn Federal Sav. Bank,* 2007 WL 12143, at *5 (E.D.N.Y. Jan. 12, 2007) (plaintiff's disparate treatment and hostile work environment claims are distinct and should not be alleged in a single count).

5.      The Complaint conflates a disparate treatment gender discrimination claim with a hostile work environment claim. These claims are distinct and should not be alleged in a single count.  For example, Paragraph Nos. 44 and 45 state: "Defendant is liable for the differential treatment and *hostility* towards Plaintiff…" and "Defendant's known allowance and ratification of these actions and inactions created… an abusive and offensive work environment." (emphasis added).  Accordingly, because Worley conflates the two claims, Centurion cannot properly prepare a defense because it cannot determine which claim Worley lodges against it.

6.      Moreover, throughout the Complaint, Worley inexplicably switches between Defendant and Defendants, leaving Centurion without the ability to discern what facts or allegations are associated with which of the two Defendants.  For example, the Complaint states: "Plaintiff, Christina Worley, has been a resident of the State of Florida and was

6

employed by *Defendant*;" "Plaintiff subsequently filed a complaint with *Defendant* reporting the actual and/or suspected violations;" "*Defendant* did not have the appropriate supplies available;" "*Defendant* did not have the adequate equipment or staff to appropriate care for the inmate;" "*Defendant* failed to follow proper procedures, resulting in continued mistreatment towards Plaintiff;" "Plaintiff was wrongfully terminated by *Defendant*;" and "*Defendant* should be made to pay said fee…" [Complaint, ¶¶ 3, 10, 11, 19, 24, 26]. Accordingly, because Centurion cannot properly prepare defenses to these allegations, the Complaint should be dismissed, or alternatively, the Court should require Worley to file a more definite statement.

III.

**CONCLUSION**

**WHEREFORE,** for the foregoing reasons, Defendant Centurion of Florida, LLC respectfully requests the Court enter an Order dismissing Complaint or, in the alternative, requiring a more definite statement.

Respectfully submitted,

/s/ Catherine H. Molloy
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 33500
Email: molloyk@gtlaw.com
Cayla M. Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, Florida 33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
*Attorneys for Defendant*

7

*ACTIVE 44344973v1*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 9, 2019, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice electronically to:

Marie A. Mattox, Esq.
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Marie@mattoxlaw.com

/s/Catherine H. Molloy
Attorney

8

Filing # 92263703 E-Filed 07/09/2019 02:58:20 PM

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL
CIRCUIT IN AND FOR LEON COUNTY, FLORIDA**

**CHRISTINA WORLEY,**

> **Plaintiff,**

**v.**                                                    **Case No. 2019-CA-000697**

**FLORIDA DEPARTMENT OF
CORRECTIONS and CENTURION
OF FLORIDA, LLC,**

> **Defendants.**

_____/

### NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESS

PLEASE TAKE NOTICE that, pursuant to Florida Rule of Judicial Administration 2.505(e)(3), the undersigned counsel of the law firm Greenberg Traurig, P.A. hereby appears as co-counsel for Defendant Centurion of Florida, LLC. Undersigned counsel respectfully requests that the plaintiff serve upon him copies of all pleadings and other papers that she files or serves hereafter in this action. Pursuant to Florida Rule of Judicial Administration 2.516(b)(1), the undersigned designates the following primary and secondary email addresses:

Primary Email Address: mccrear@gtlaw.com

Secondary Email Addresses: ramosr@gtlaw.com; FLService@gtlaw.com

Respectfully submitted,

/s/ Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 33500
Email: molloyk@gtlaw.com

*ACTIVE 44453995v1*

Cayla M. Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, Florida 33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 9, 2019, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice electronically to:

Marie A. Mattox, Esq.
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Marie@mattoxlaw.com

/s/ Richard C. McCrea, Jr.
Attorney

2

*ACTIVE 44453995v1*

Filing # 92231756 E-Filed 07/09/2019 10:35:59 AM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

CHRISTINA WORLEY,

     **Plaintiff,**

v.                           **CASE NO.: 2019-CA-000697**

**FLORIDA DEPARTMENT OF
CORRECTIONS and CENTURION OF
FLORIDA, LLC,**

     **Defendants.**

_____/

## NOTICE OF APPEARANCE AND DESIGNATION
## OF PRIMARY AND SECONDARY E-MAIL ADDRESSES

     The undersigned, **Adam Ellis**, now appears as additional counsel of record for Plaintiff. Pursuant to Florida Rule of Judicial Administration 2.516(b)(1)(A), hereby designates his primary and secondary e-mail addresses and requests that order, process, pleadings, and other documents filed and served in this matter be served on him at the following addresses listed below. Where service of hard copies is to be made in addition to the e-mail service, counsel requests that the copies be served on him at the physical address listed below.

Primary E-Mail Address:     adam@mattoxlaw.com

Secondary E-Mail Address:     michelle2@mattoxlaw.com (for scheduling matters)
                                     jervonie@mattoxlaw.com

                       Respectfully submitted,

                       /s/ **Adam Ellis**
                       Adam Ellis; FBN: 35628
                       MARIE A. MATTOX, P.A.
                       203 N Gadsden Street
                       Tallahassee, Florida 32301
                       Telephone: (850) 383-4800
                       **Attorney for Plaintiff**

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served via electronic filing through the Florida Courts E-Filing Portal on this 9th day of July, 2019 to all counsel on record.

/s/ **Adam Ellis**
Adam Ellis

Filing # 92324809 E-Filed 07/10/2019 01:00:06 PM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL
CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

CHRISTINA WORLEY,

      Plaintiff,

v.                                        Case No. 2019-CA-000697

FLORIDA DEPARTMENT OF
CORRECTIONS and CENTURION
OF FLORIDA, LLC,

      Defendants.

_____/

### AMENDED NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESS

      PLEASE TAKE NOTICE that, pursuant to Florida Rule of Judicial Administration 2.505(e)(3), the undersigned counsel of the law firm Greenberg Traurig, P.A. hereby appears as co-counsel for Defendant Centurion of Florida, LLC. Undersigned counsel respectfully requests that the plaintiff serve upon her copies of all pleadings and other papers that she files or serves hereafter in this action. Pursuant to Florida Rule of Judicial Administration 2.516(b)(1), the undersigned designates the following primary and secondary email addresses:

Primary Email Address: pagec@gtlaw.com

Secondary Email Addresses: ramosr@gtlaw.com; FLService@gtlaw.com

                              Respectfully submitted,

                              /s/ Cayla M. Page
                              Richard C. McCrea, Jr.
                              Florida Bar No. 351539
                              Email: mccrear@gtlaw.com
                              Catherine H. Molloy
                              Florida Bar No. 33500
                              Email: molloyk@gtlaw.com
                              Cayla M. Page

Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, Florida 33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 10, 2019, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice electronically to:

Marie A. Mattox, Esq.
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Marie@mattoxlaw.com

/s/ Cayla M. Page
Attorney

2

Filing # 92324522 E-Filed 07/10/2019 12:56:53 PM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL
CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**CHRISTINA WORLEY,**

　　　**Plaintiff,**

**v.**　　　　　　　　　　　　　　　　**Case No. 2019-CA-000697**

**FLORIDA DEPARTMENT OF
CORRECTIONS and CENTURION
OF FLORIDA, LLC,**

　　　**Defendants.**

_____/

## AMENDED NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESS

　　　PLEASE TAKE NOTICE that, pursuant to Florida Rule of Judicial Administration 2.505(e)(3), the undersigned counsel of the law firm Greenberg Traurig, P.A. hereby appears as co-counsel for Defendant Centurion of Florida, LLC. Undersigned counsel respectfully requests that the plaintiff serve upon him copies of all pleadings and other papers that she files or serves hereafter in this action. Pursuant to Florida Rule of Judicial Administration 2.516(b)(1), the undersigned designates the following primary and secondary email addresses:

Primary Email Address: mccrear@gtlaw.com

Secondary Email Addresses: ramosr@gtlaw.com; FLService@gtlaw.com

Respectfully submitted,

/s/ Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 33500
Email: molloyk@gtlaw.com
Cayla M. Page

*ACTIVE 44453995v1*

Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, Florida 33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 10, 2019, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice electronically to:

Marie A. Mattox, Esq.
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Marie@mattoxlaw.com

/s/ Richard C. McCrea, Jr.
Attorney

*ACTIVE 44453995v1*

Filing # 92332856 E-Filed 07/10/2019 02:14:53 PM

# VERIFIED RETURN OF SERVICE

Job # T192881

**Client Info:**

MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL  32301

**Case Info:**

**PLAINTIFF:**
CHRISTINA WORLEY
-versus-
**DEFENDANT:**
FLORIDA DEPARTMENT OF CORRECTIONS ET. AL.

CIRCUIT COURT

County of Leon, Florida
Court Case # **2019 CA 000687**

**Service Info:**

Date Received by Accurate Serve: 6/18/2019 at 01:27 PM
Service: I Served **FLORIDA DEPARTMENT OF CORRECTIONS C/O JULIE L. JONES, SECRETARY**
With: **SUMMONS; COMPLIANT**
by leaving with **SEAN ANDERSON, ASSISTANT GENERAL COUNSEL**

At Business **501 SOUTH CALHOUN STREET TALLAHASSEE, FL 32399**
On 6/21/2019 at 10:10 AM
Manner of Service: **GOVERMENT AGENCY**
PUBLIC AGENCY SERVICE: F.S. 48.111 (1)(a)(b)(c) (2) (3)

I **MARY GREEN** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Signature of Server:
**MARY GREEN**
Lic # 243
**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Our Job # **T192881**




1 of 1

Filing # 92333743 E-Filed 07/10/2019 02:21:20 PM

# VERIFIED RETURN OF SERVICE

Job # 2019003683

**Client Info:**

MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL  32301

**Case Info:**

CIRCUIT COURT

**PLAINTIFF:**
CHRISTINA WORLEY
-versus-
**DEFENDANT:**
FLORIDA DEPARTMENT OF CORRECTIONS ET. AL.

County of Leon, Florida
Court Case # **2019 CA 000697**

**Service Info:**

Date Received by Accurate Serve of Tallahassee: **6/18/2019** at **02:51 PM**
Service: I Served **CENTURION OF FLORIDA, LLC C/O CT CORPORATION SYSTEM - REGISTERED AGENT**
With: **SUMMONS; COMPLIANT**
by leaving with **DONNA MOCH, EMPLOYEE OF REGISTERED AGENT COMPANY**

At Business **1200 SOUTH PINE ISLAND ROAD PLANTATION, FL 33324**
On **6/20/2019** at **11:00 AM**
**Manner of Service: CORPORATE**
CORPORATE SERVICE: F.S. 48.081 (1)(a)(b)(c)(d), (2) or (3)

I **Honory Kes** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was
served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and
that the facts stated in it are true.

Signature of Server:_____
**Honory Kes**
Lic # **1478**

**Accurate Serve of Tallahassee**
400 Capital Circle Southeast
Tallahassee, FL 32301

Client # T192880
Job # 2019003683

1 of 1




Filing # 92515190 E-Filed 07/14/2019 02:37:42 PM

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA**

**CHRISTINA WORLEY,**

      Plaintiff,

v.                                    CASE NO.: 2019-CA-697

**FLORIDA DEPARTMENT OF
CORRECTIONS and CENTURION
OF FLORIDA, LLC,**

      Defendants.

_____/

### PLAINTIFF'S FIRST REQUEST
### FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

      Plaintiff, through the undersigned counsel, hereby requests that Defendants produce for inspection and copying all documents herein that are in their possession, custody, or control, or otherwise available.  This document production shall take place at the offices of **Marie A. Mattox, P.A., 203 North Gadsden Street, Tallahassee, Florida 32301**, or at such other place and time as may be mutually agreed upon by counsel for Plaintiff and Defendants within thirty days from service of this request or such earlier date as the parties may agree.

### DEFINITIONS AND INSTRUCTIONS

      1.      The term "you" and "your" means the party or parties to whom this request is addressed, including its divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and all other persons acting or purporting to act on its behalf, as well as each partnership in which it is a partner.

      2.      The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons or other business enterprise, governmental body, group of natural persons or the entity.

      3.      The term "document" means any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters,

telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and intraoffice telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, cancelled checks, statements transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing,), graphic or aural records or representations of any kind (including, without limitation, photographics, microfiche, videotape, records and motion pictures) and electronic, mechanical or electrical records or representations of any kind (including, without limitation, tapes, cassettes, discs and records).

4. The term "all documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts. All documents available in electronic format should be produced electronically, in their native format, with all metadata and headers intact.

5. All requests herein seek the production of documents in the possession and/or control of Defendant.

6. The time period covered by this request is May 2, 20165 to present day unless otherwise stated in any individual request below.

## DOCUMENTS

1. The entire personnel, tenure, promotion, disciplinary, attendance and leave, time, time cards, investigative, grievance and payroll files pertaining to Plaintiff.

2. All of Plaintiff's time and attendance records for Plaintiff's entire employment with Defendant.

3. All schedules that show the daily and weekly hours that Plaintiff worked for Defendant during Plaintiff's employment with Defendant.

4. Any and all documents pertaining to any reference provided by Defendant to any third party about Plaintiff after Plaintiff's employment with Defendant ended.

5. Any and all documents pertaining to all investigations involving or initiated by any matter involving Plaintiff during the time period relevant to this action, including complete copies of all reports, with all attachments and relevant media files.

6. Any and all documents showing any complaint against Plaintiff during the entire course of Plaintiff's employment with Defendant. These documents should be produced in their original, unredacted form with sufficient information for Plaintiff to identify the complaining party.

7.    All policies and procedures applicable to Plaintiff's employment with Defendant, whether Plaintiff was provided with a copy of those procedures or not.

8.    All position descriptions for all positions held by Plaintiff during the entire course of Plaintiff's employment with Defendant.

9.    Each and every document describing disciplinary actions taken by Defendant against Plaintiff during the entire course of Plaintiff's employment with Defendant.

10.    The personnel and disciplinary files for all persons currently employed in Plaintiff's former position within Defendant.

11.    Any and all non-privileged documents showing disciplinary actions taken against current or former employees of Defendant other than Plaintiff during the time period applicable to this request under the same supervisor(s) as Plaintiff.

12.    Any and all email within Defendant's possession or control wherein Plaintiff's name is specifically referenced in the subject or body.  This request is *not* seeking any and all email which was merely sent from or received by Plaintiff's former email account.

13.    Any and all documents Defendant received through a public records request, Freedom of Information Act request, or other request to any third party related to Plaintiff.

14.    Any and all documents Defendant has provided to or received from the Florida Commission on Human Relations or EEOC pertaining to Plaintiff.

15.    Any and all documents Defendant has received through any third-party subpoena issued in this case.

16.    Any and all non-privileged documents Defendant has identified as pertaining to the claims by Plaintiff in this case, including documents Defendant has identified as supporting any defense to said claims.

17.    Any and all reports, correspondence, and other documents addressed to or received from the Florida Department of Labor, the Florida Commission of Human Relations, or any other federal, state, or local agency relating to Defendant's employment of Plaintiff, or to any claims made by Plaintiff against Defendant.

18.    Any and all documents referring or relating to the subject matter of this action which have been furnished to or received by Defendant's attorneys in connection with their defense of this action, except documents protected by a recognized privilege of non-production.

19.    Any and all transcripts, audio tapes, and video tapes (including depositions) obtained by Defendant involving Plaintiff, including, but not  limited to, workers'

compensation hearings, unemployment compensation hearings, conferences, grievance hearings, and union grievances.

20.     Any and all documents supporting any disciplinary action against Plaintiff during the entire course of Plaintiff's employment with Defendant.

21.     Any and all documents showing the basis or reason for any disciplinary action against Plaintiff during the entire course of Plaintiff's employment with Defendant.

22.     Any and all non-privileged documents which Defendant has identified as pertaining to the claims by Plaintiff in this proceeding, including documents Defendant has identified as supporting any defense to said claims not otherwise referred to in the foregoing requests.

23.     Any and all documents which Defendant has identified to be used at trial other than as disclosed in Defendant's response to any foregoing requests.

24.     Any and all non-privileged statements obtained by you or your attorneys, either recorded or written, at the time of or subsequent to the incidents alleged in the complaint filed herein.

25.     Any and all documents showing any deficiency in Plaintiff's performance during the entire course of Plaintiff's employment with Defendant.

26.     Any and all documents showing any notice to Plaintiff of any deficiencies in Plaintiff's performance during Plaintiff's employment with Defendant.

27.     Any and all documents supporting or pertaining to any criticism any supervisor of Plaintiff has had about Plaintiff, or Plaintiff's work performance, during the entire course of Plaintiff's employment with Defendant.

28.     Any and all documents upon which Defendant relies to support any finding or conclusion that Plaintiff was not properly performing Plaintiff's job duties with Defendant at any time during Plaintiff's employment with Defendant.

29.     The current resume or list of qualifications of any expert witness, advisor or consultant who has been retained by Defendant in the instant case.

30.     All reports, studies, or commentaries, formal or informal, of any expert witness, consultant or advisor who has been retained by Defendant in the instant case.

31.     Any and all non-privileged documents which support or substantiate any or all of Defendant's affirmative defenses.

32.     Any and all policies and procedures which Defendant claims Plaintiff violated at any time during the entire course of Plaintiff's employment with Defendant.

33.    Any and all procedures, rules, or guidelines pertaining to Defendant's Equal Employment Opportunity policy or procedure applicable to Plaintiff's employment with Defendant.

34.    All non-privileged documents in any file kept or maintained by Defendant which specifically mention Plaintiff's name.

35.    All documents Defendant relied upon or reviewed in making any decision to discipline Plaintiff at any time during the entire course of Plaintiff's employment with Defendant.

36.    A list of all documents which are being withheld from production by virtue of any privilege of non-production or for any other reason (this list should identify each document by its name, date, author and recipient and specify the reason for withholding it from production). If there are documents responsive to any of the foregoing requests which you refuse to produce, please define or designate the documents in your response with sufficient particularity to allow Plaintiff to make a motion for a court order to require production of these documents.

PLEASE TAKE NOTICE that Plaintiff will object to the introduction at trial of any document which is not produced in response to the foregoing requests and to any evidence about any requested document which has not been revealed by an appropriate response to this Request for Production of Documents.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing request for production has been furnished to all counsel of record via the e-filing portal this 14th day of July, 2019.

Respectfully submitted,

Adam Ellis; FBN 35628
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL   32301
Telephone:   (850) 383-4800
Facsimile:   (850) 383-4801
adam@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF

Filing # 92515190 E-Filed 07/14/2019 02:37:42 PM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA

**CHRISTINA WORLEY,**

     Plaintiff,

v.                                                                    CASE NO.: 2019-CA-697

**FLORIDA DEPARTMENT OF
CORRECTIONS and CENTURION OF
FLORIDA, LLC,**

     Defendants.

_____/

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

Plaintiff demands that Defendant respond to the interrogatories appended hereto as

Attachment "A" on or before August 14, 2019.

ATTACHMENT "A"
Plaintiff's First Interrogatories to Defendant

---

## CHRISTINA WORLEY v. FLORIDA DEPARTMENT OF CORRECTIONS and CENTURION OF FLORIDA, LLC

### 2019-CA-697

---

1.  Who provided the information and answers to these questions? (If more than one person provided information and answers, specify by question number who provided the information for that question. Do not limit the response to the person signing these interrogatories if that person is reporting information provided by others. Clearly specify the person(s) who provided the information set forth in each response.)

2.  State the full name, race, gender, date of birth, last-known job title and last-known work telephone number of every person who can testify with reasonable specificity about Plaintiffs' claims in this lawsuit as alleged in the Complaint. Plaintiff is not asking Defendant to admit any of these statements; Plaintiff is asking Defendant to tell Plaintiff who can address, respond to, confirm or rebut them.

3.  State whether Plaintiff is eligible for reemployment with Defendant and whether Defendant would oppose a request by Plaintiff to be reinstated as an employee of Defendant, as an alternative to an award of front pay and, if Plaintiff is not, state fully each and every reason why.

4.  As to any affirmative defense that is not a purely legal defense, state the full name and last known contact information of each person who can testify with reasonable specificity about each such defense, and be sure to list which defenses each such person can attest to.

5.  State the full name, race, gender, date of birth, last-known job title and last-known work telephone number of every person who was involved in the decision-making process which led to Plaintiff's termination, *and list what specific role each person listed played in the process.* Do not incorporate documents by reference in lieu of a complete response given under oath.

6.  State each position or title Plaintiff held while employed with Defendant, the position number for each position, the dates Plaintiff held each position or title, and the reasons for any changes of Plaintiff's position or title.

7.  State the full name, race, gender, date of birth, last-known job title and last-known work telephone number of every person who was responsible, in whole or part, for absorbing Plaintiff's job duties, or replacing Plaintiff, after Plaintiff's separation from Defendant.

8.    State each and every reason for Plaintiff's termination with specificity.

STATE OF FLORIDA,
COUNTY OF LEON

The foregoing was acknowledged before me by _____ who is [ ]
personally known to me [ ] produced as identification, this ____ day of _____
2019.

_____
Notary Public, State of Florida
Printed Name:_____
Commission Expiration Date:_____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served to all counsel of record via the e-filing portal this 14th day of July, 2019.

Respectfully submitted,

Adam Ellis; FBN 35628
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL  32301
Telephone:   (850) 383-4800
Facsimile:   (850) 383-4801
adam@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF

Filing # 93253063 E-Filed 07/26/2019 04:40:54 PM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL
CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

CHRISTINA WORLEY,

     Plaintiff,

v.                                                                Case No. 2019-CA-000697

FLORIDA DEPARTMENT OF
CORRECTIONS and CENTURION
OF FLORIDA, LLC,

     Defendants.

_____/

## NOTICE OF SERVICE OF DEFENDANT CENTURION OF FLORIDA, LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF CHRISTINA WORLEY

     **PLEASE TAKE NOTICE** that the original of Defendant's First Set of Interrogatories to Plaintiff Christina Worley has been furnished by U.S. Mail and a copy by electronic mail this 26th day of July, 2019 to:

Marie A. Mattox
marie@mattoxlaw.com
203 N Gadsden St
Tallahassee, Florida 32301
marie@mattoxlaw.com
Michelle2@mattoxlaw.com
marlene@mattoxlaw.com

Respectfully submitted,

/s/Catherine H. Molloy
Catherine H. Molloy
Florida Bar No. 33500
Email: molloyk@gtlaw.com
Cayla M. Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, Florida 33602
(813) 318-5700 – Telephone

ACTIVE 44798085v1

(813) 318-5900 – Facsimile
Attorneys for Defendant

2

Filing # 93253063 E-Filed 07/26/2019 04:40:54 PM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL
CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

CHRISTINA WORLEY,

     **Plaintiff,**

**v.**                                                      Case No. 2019-CA-000697

**FLORIDA DEPARTMENT OF
CORRECTIONS and CENTURION
OF FLORIDA, LLC,**

     **Defendants.**
_____/

### DEFENDANT CENTURION OF FLORIDA, LLC'S REQUEST
### FOR PRODUCTION OF DOCUMENTS TO CHRISTINA WORLEY

Defendant Centurion of Florida, LLC[1] ("Centurion" or "Defendant"), by and through

its undersigned counsel, and pursuant to Rule 1.350, Florida Rules of Civil Procedure,

hereby requests Plaintiff Christina Worley ("Worley") to produce for inspection and/or

copying by the undersigned counsel for Defendant the following documents, said

documents to be produced at the office of undersigned counsel located in Tampa, Florida,

and said documents to be produced within thirty (30) days of service of this request.

### DEFINITION AND INSTRUCTIONS

The following preliminary statements, instructions and definitions apply to each of

the requests set forth herein and are expressly deemed to be incorporated therein.

    A.    As used herein, the term "document" shall mean:

        (1)    All paper, printed or other tangible items relating to the transmission
or storage of any form of information or communication, including correspondence,
letters, text messages, SMS messages, Facebook messages, memoranda, notes,
memoranda of telephone conversations or meetings, telephone messages, electronic

---

[1] Defendant maintains that it was not Plaintiff's employer and has been wrongly named.  MHM Health
Professionals was, at all relevant times, Plaintiff's employer.

*ACTIVE 44714475v1*

mail or electronic messages regardless of how transmitted, recordings or transcriptions of voice-mail messages, diaries, calendars, appointment books, audio or video recordings or files, graphics files, transcriptions, compilations or writings or things of any kind related to the category in question, including all drafts or copies thereof, regardless of how made, reproduced or stored;

(2)    All paper, printed or other tangible items containing or related to medical information, including, in addition to the types of documents in category (1) above, patient charts, interview notes, progress notes, records of treatment, records of prescriptions, records of tests and measurements regardless of form, billing records, insurance claims, payment history, or any other type of document containing patient history, diagnoses, impressions, testing, medical orders, treatment, or any communication with the patient or any other person regarding the patient, compilations or writings or things of any kind related to the category in question, including all drafts or copies thereof, regardless of how made, reproduced or stored, whether in paper, electronic, graphic, or other tangible medium;

(3)    All information or data (whether text, data, numeric, audio, video, or any combination of the above) stored in any form of electronic, graphic or tangible medium, including computer files or storage devices, sound storage or files, graphics storage or files, photographic negative or prints, films, or any other tangible recording or storage medium including tape, disk, cards or wire constituting, containing or pertaining to the requested categories. If the information contained in the computer files or other medium cannot be reviewed or accessed outside of the medium or without software or equipment, the term document also includes all equipment or software necessary to access, review, translate or reproduce the requested information.

B.    As used herein, the word "produce" shall mean to make available the documents requested herein for inspection and copying and to separate such documents into the categories set forth in this request. If you decline to produce any documents requested hereinafter on the basis of any asserted privilege, you shall, in your final response hereto, provide Defendant with the following written information pertaining to such document:

(i)    its date or, if not dated, the date it was prepared or received;

(ii)    the type of document (e.g., letter, memorandum, telegram, photograph, reproduction);

(iii)    its author and addressee;

(iv)    its present location;

(v)    the identity of the individual or persons presently custodian or custodians thereof;

2

(vi)        a general description of its contents;

(vii)       the number of pages thereof;

(viii)      the identity of each person who received a copy of the document and the relationship of such person to you;

(ix)        whether such document contains or relates to facts or opinions, or both;

(x)         the nature of the privilege (e.g., work product, attorney-client) that you claim with respect to such document.

C.      As used herein, "Defendant" or "Centurion" means Defendant Centurion of Florida, LLC, as well as its directors, officers, employees, agents, principals and parent, subsidiary, predecessor, successors, affiliated or related corporations or business units of such entity.

D.      As used herein, "Plaintiff" or "Worley" means Christina Taylor Worley, as well as her attorneys and agents, and all persons acting on her behalf.

E.      Whenever possible, the original document shall be produced. Where drafts or copies exist that are not identical to the original documents, including those with notations or marginalia, those drafts or copies shall also be produced.

## DOCUMENTS TO BE PRODUCED

1.      All documents which support, or which you believe tend to support, the allegations of Paragraph No. 10 of the Complaint that "[i]n July 2017, Plaintiff reported to DON Blocker that an inmate was not receiving appropriate medical care given the severity of his medical condition."

2.      All documents which support, or which you believe tend to support, the allegations of Paragraph No. 11 of the Complaint that "Plaintiff subsequently reported to DON Blocker that Defendant, at the existing facility, would not be able to adequately care for this inmate."

3.      All documents which support, or which you believe tend to support, the allegations of Paragraph Nos. 11 and 12 of the Complaint that "Defendant did not have

3

the appropriate supplies available" and that "Defendant did not have the adequate equipment or staff to appropriately care for the patient."

4.      All documents which support, or which you believe tend to support, the allegations of Paragraph No. 13 of the Complaint that "On July 3, 2017, Plaintiff submitted an official report to Human Resources detailing the inadequate care provided to said inmate and the gross misconduct that was performed by Defendants."

5.      All documents which support, or which you believe tend to support, the allegations of Paragraph No. 13 of the Complaint that "Plaintiff reported further misconduct by way of Defendants' unsafe work environment for its medical personnel including specifically without limitation inmate stabbings, inmates assaulting security, rumors of riots, and lack of medical personnel."

6.      All documents which support, or which you believe tend to support, the allegations of Paragraph No. 14 of the Complaint that "Plaintiff realized she was being forced to virtually 'masturbate' this inmate, by repeatedly touching his penis each time said inmate intentionally displaced his catheter."

7.      All documents which support, or which you believe tend to support, the allegations of Paragraph No. 16 of the Complaint that "DOC's policy [ ] stated when an inmate crossed boundaries with lewd and lascivious exposure, or attempt to establish any inmate relationship with staff; they – the inmate(s) – are moved."

8.      All documents which support, or which you believe tend to support, the allegations of Paragraph No. 17 of the Complaint that "in evidence of retaliation for her reporting, Plaintiff was forced to move locations three (3) separate times."

4

9.      All documents which support, or which you believe tend to support, the allegations of Paragraph No. 17 of the Complaint that "multiple employees within Defendant refused to assist Plaintiff with her work duties."

10.     All documents which support, or which you believe tend to support, the allegations of Paragraph No. 18 of the Complaint that "Plaintiff pleaded with administration for help, as she was traumatized and suffered from nightmares, flashbacks, and excessive anxiety."

11.     All documents which support, or which you believe tend to support, the allegations of Paragraph No. 18 of the Complaint that "Health Administrator Tara Johnson refused to talk to Plaintiff about the issues."

12.     All documents which support, or which you believe tend to support, the allegations of Paragraph No. 19 of the Complaint that "DON Blocker told Plaintiff she did not know what Plaintiff wanted, and HR Director Sara Brus told Plaintiff that she did not believe her."

13.     All documents which support, or which you believe tend to support, the allegations of Paragraph No. 20 of the Complaint.

14.     All documents which support, or which you believe tend to support, the allegations of Paragraph No. 21 of the Complaint that "Plaintiff reported safety issues regarding several inmates housed within the Defendant DOC."

15.     All documents which support, or which you believe tend to support, the allegations of Paragraph No. 22 of the Complaint that "Plaintiff filed a written complaint regarding ongoing violations of laws, rules and/or regulations and/or misfeasance, and/or gross misconduct."

5

16.    All documents which support, or which you believe tend to support, the allegations of Paragraph No. 23 of the Complaint that "Plaintiff disclosed further facts of Defendants' violations among the medical staff."

17.    All documents which support, or which you believe tend to support, the allegations of Paragraph No. 25 of the Complaint that "in retaliation for filing her internal complaint, for reporting actual and/or suspected violations of laws, rules and/or regulations and/or malfeasance, misfeasance and/or gross misconduct, participating in an investigation and/or inquiry, and in continued disparate treatment due to her gender, Plaintiff was wrongfully terminated."

18.    All documents which support, or which you believe tend to support, the allegations of Paragraph No. 42 of the Complaint that "Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendant who are male and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's gender."

19.    All documents which support, or which you believe tend to support, the allegations of Paragraph No. 45 of the Complaint that "Defendant knowingly condoned and ratified the differential treatment of Plaintiff."

20.    All documents which support, or which you believe tend to support, the allegations of Paragraph No. 55 of the Complaint that "actions by Defendant were purposeful."

21.    All documents provided to the Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations with regard to the allegations contained in the Complaint.

22.     All diaries, calendars, personal notebooks, notes, journals, photographs or other such documents kept or maintained by you from May of 2016 to the date of your response hereto, including but not limited to documents which may be used by you to recall any events relating to the allegations set forth in the Complaint.

23.     To the extent not otherwise produced, all documents relating to your employment with Defendant, including any documentation that you removed from Defendant during your employment.

24.     To the extent not otherwise produced, all documents which may be used by you to recall any events relating to any of the allegations in the Complaint.

25.     All documents that support the claims for damages sought in the Complaint.

26.     All documents related to your efforts to mitigate the damages that you have allegedly suffered.

27.     All applications for employment that you've submitted since your employment with Defendant terminated.

28.     All written, recorded or transcribed statements or affidavits from any witnesses who claim to have knowledge of any of the allegations in the Complaint.

29.     All documents reflecting any communications or correspondence between you and any present or former employee or agent of Defendant on or after December 1, 2017 through the date of your response hereto.

30.     All text messages, emails, phone logs between you and any current or former employee of Defendant that relate to your employment with Defendant.

7

31.     All text messages, emails, phone logs between you and any current or former employee of the Florida Department of Corrections that relate to your employment with Defendant.

32.     All documents identified, described, listed, referred to, consulted or used to respond to Defendant's First Set of Interrogatories to Plaintiff.

33.     Your complete federal income tax returns, including W-2 and 1099 forms and any other schedules and attachments, for calendar years 2016, 2017, and 2018.

34.     Produce a fully executed unemployment compensation records release form, which is attached hereto for your signature. Complete and attach the form to your response.

35.     Produce a fully executed medical release form, which is attached hereto for your signature. Complete and attach the form to your response.

36.     Any documents not requested in the foregoing paragraphs, which support, or which you believe tend to support, any of the allegations contained in the Complaint.

Respectfully submitted,

/s/Catherine H. Molloy
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 33500
Email: molloyk@gtlaw.com
Cayla M. Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, Florida 33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
*Attorneys for Defendant*

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 26, 2019, I served the foregoing by U.S. Mail and

a copy by electronic mail to:

> Marie A. Mattox, Esq.
> Marie A. Mattox, P.A.
> 203 North Gadsden Street
> Tallahassee, Florida 32301
> Marie@mattoxlaw.com
> Michelle2@mattoxlaw.com
> marlene@mattoxlaw.com

/s/Catherine H. Molloy
Attorney

9

Filing # 94064312 E-Filed 08/13/2019 10:24:01 AM

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL
### CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**CHRISTINA WORLEY,**

      **Plaintiff,**

**v.**                                    **Case No. 2019-CA-000697**

**FLORIDA DEPARTMENT OF
CORRECTIONS and CENTURION
OF FLORIDA, LLC,**

      **Defendants.**

_____/

### NOTICE OF HEARING
Special Set – 30 Minutes
(Coordinated with Opposing Counsel)

PLEASE TAKE NOTICE that on October 7, 2019 at 2:45 p.m., before the

Honorable Kevin J. Carroll, at the Leon County Courthouse, 301 S. Monroe Street,

Tallahassee, Florida 32301, the following motion will be heard:

### DEFENDANT CENTURION OF FLORIDA, LLC'S MOTION
### TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

PLEASE GOVERN YOURSELVES ACCORDINGLY.

---

### NOTICE TO DISABLED PERSONS
If you are a person with a disability who needs any accommodation in order
to participate in a court proceeding, you are entitled, at no cost to you, to
the provision of certain assistance. Please contact the Office of Court
Administration at (850) 577-4401, or at the Leon County Courthouse,
Room 225, 301 S. Monroe Street, Tallahassee, FL 32301 within 2 working
days of receipt of a notice compelling you to appear at a court proceeding;
if you are hearing or voice impaired, call 711.

---

*ACTIVE 45134363v1*

Respectfully submitted,

/s/ Catherine H. Molloy
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 33500
Email: molloyk@gtlaw.com
Cayla M. Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, Florida 33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 13, 2019, I electronically filed the foregoing

document with the Clerk of the Court by using the CM/ECF system, which will send a

notice electronically to:

Marie A. Mattox, Esq.
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Marie@mattoxlaw.com
Michelle2@mattoxlaw.com
marlene@mattoxlaw.com

/s/ Catherine H. Molloy
Attorney

2

Filing # 95007895 E-Filed 08/29/2019 05:04:04 PM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA

**CHRISTINA WORLEY,**

    Plaintiff,

v.                                            **CASE NO.: 2019-CA-697**

**FLORIDA DEPARTMENT OF CORRECTIONS,**
**MHM HEALTH PROFESSIONALS, INC., and**
**MHM HEALTH PROFESSIONALS, LLC,**

    Defendants.

_____/

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, CHRISTINA WORLEY, sues Defendant, FLORIDA DEPARTMENT OF CORRECTIONS and CENTURION OF FLORIDA, LLC, and alleges as follows:

## NATURE OF THE ACTION

1.    This action is pursuant to § 112.3187, Florida Statutes (Florida's Public Employee Whistleblower Act), § 448.101 *et seq.*, Florida Statutes (Florida's Private Employee Whistleblower Act), and Chapter 760, Florida Statutes.

2.    This is an action for damages in excess of Fifteen-Thousand ($15,000.00) Dollars, exclusive of attorney's fees and costs.

## PARTIES

3.    At all times material hereto, Plaintiff CHRISTINA WORLEY, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because of her gender and because she reported unlawful conduct and was subjected to retaliation thereafter. Accordingly, Plaintiff is *sui juris*.

4.     At all times material hereto, Defendant FLORIDA DEPARTMENT OF CORRECTIONS, ("Defendant DOC") has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

5.     At all times material hereto, Defendant MHM HEALTH PROFESSIONALS, INC., ("Defendant MHM") has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims. Defendant MHM entered into a contractual agreement with Defendant DOC to provide comprehensive health care services, and Plaintiff was charged with provisioning those services as an MHM employee.

6.     At all times material hereto, Defendant MHM HEALTH PROFESSIONALS, LLC, ("Defendant MHM") has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims. MHM HEALTH PROFESSIONALS LLC is the same company as MHM HEALTH PROFESSIONALS INC.

## CONDITIONS PRECEDENT

7.     Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and with the EEOC. This action is timely filed thereafter.

2

## STATEMENT OF FACTS

8.    Plaintiff, a woman, began her employment with Defendants DOC and MHM[1] in May of 2016 and held the position of Registered Nurse at Defendant DOC's Northwest Florida Reception Center at the time of her wrongful termination on December 29, 2017.

9.    Plaintiff was subjected to a hostile work environment, disparate treatment, different terms and conditions of employment, and was held to a different standard because of her gender (female) and was the victim of retaliation after her reporting egregious violations of patient care standards and laws. More specifically, Plaintiff reported Defendants' actual violations of laws, rules or regulations, and malfeasance, misfeasance, and gross misconduct, and was subject to retaliation including her wrongful termination thereafter.

10.    The mistreatment came at the hands of (specifically but not limited to) Director of Nursing ("DON") Brandi Blocker, Health Services Administrator Tara Johnson, and Human Resource Direction Sara Brus.

11.    In July 2017, Plaintiff reported to supervisor DON Blocker that an inmate was not receiving appropriate medical care given the severity of his medical condition. Plaintiff subsequently filed a written complaint with Defendant on July 3, 2017 reporting the actual violations of laws, rules or regulations and misfeasance, malfeasance, or gross misconduct.

12.    Plaintiff's written complaint states that in or around June 2017, an inmate housed with Defendant DOC and cared for by Defendants DOC and MHM was sent to an outside hospital and placed on life support. On June 16, 2017, Defendant DOC was notified that said inmate would not be transferred back to Defendant DOC, (Northwest Florida Reception Center) but rather a separate DOC facility which was better equipped to handle the inmate's medical

---

[1] DOC contracts with MHM to provide health services in DOC facilities such as the Northwest Florida Reception Center where Plaintiff was employed.  Plaintiff interacted with employees from both defendants as a part of her job on a daily basis.

3

conditions. However, on June 17, 2017, Plaintiff was notified by DON Blocker that said inmate would be returning to Defendant's care at the same institution where Plaintiff worked.  Plaintiff and her co-workers accordingly attempted to acquire supplies necessary to care for the inmate, but said supplies were not available from either Defendant.  Plaintiff subsequently reported to DON Blocker that it would be impossible to properly care for the inmate in question at the Northwest Florida Reception Center. Nevertheless, Defendants accepted the inmate back with full knowledge that proper care could not be provided.

13.     RN Bahillo assessed the patient upon the inmate's arrival back at DOC,  and again determined that Defendant did not have the adequate equipment or staff to appropriately care for the inmate. Nevertheless, Dr. Lay, who had never seen nor treated the patient, called RN Bahillo and stated that DOC would accept the inmate. The inmate died the following Monday after suffering from an elevated temperature with no IV pain medication or sedation since he was discharged from the hospital. The inmate died in an open bay being observed by other inmates walking in and out.

14.     On July 3, 2017, Plaintiff submitted an official report to Human Resources detailing the inadequate care provided to the inmate in question, and the gross misconduct on behalf of both Defendants. Moreover, Plaintiff reported additional misconduct regarding Defendants' unsafe work environment including inmate stabbings, inmates assaulting security officers, rumors of riots, and lack of medical personnel.

15.     On November 11, 2017, Plaintiff was working in the Infirmary on the 7 am to 7 pm shift. One of the inmates in the open infirmary bay repeatedly displaced his catheter, exposed himself, and called for Plaintiff to repeatedly reinsert his catheter. After this had happened multiple times, Plaintiff realized that the inmate was deriving sexual pleasure from the procedure.

4

16.     Plaintiff reported the incident to DON Blocker the following day. In telling DON Blocker, and writing a report about it, Plaintiff's expectation was that the inmate would be disciplined and placed in confinement. Discipline in this situation is standard per Defendant DOC's policy.

17.     However, the inmate in question was not disciplined or placed in confinement. Instead, Plaintiff was forced to move locations three separate times.

18.     Plaintiff pleaded with administration for help, as she was traumatized and suffered from nightmares, flashbacks, and anxiety. However, Health Administrator Tara Johnson refused to discuss the matter with Plaintiff.

19.     DON Blocker told Plaintiff she did not know what Plaintiff wanted, and HR Director Sara Brus told Plaintiff she did not believe her. Plaintiff contends she should have been referred to EAP for counseling due to the incident with the inmate who derived sexual pleasure from the medical procedure Plaintiff was obligated to administer. However, Defendant failed to follow proper procedures, resulting in the continued mistreatment of Plaintiff.

20.     Thereafter, Plaintiff again reported actual or suspected violations of laws, rules or regulations, and misfeasance, malfeasance, or gross misconduct by Defendants regarding negligent and inadequate medical care and safety concerns for the staff in the Medical Service Building within Defendant DOC. Plaintiff repeatedly reported these issues internally to Don Blocker, Health Services Administrator Johnson, HR Director Brus, and DOC Warden Maddox.

21.     On November 14, 2017 Plaintiff was called into an inquiry with Warden Maddox regarding Plaintiff's reports. Specifically, Plaintiff reported safety issues regarding several inmates housed within the Defendant DOC. By way of example, inmates regularly engaged in hostile behavior by way of verbal altercations towards Defendants' employees. However, Defendants did not take any corrective action.

5

22.     On November 16, 2017, Plaintiff filed another written complaint regarding ongoing violations of the same variety which Plaintiff previously reported. Specifically, Plaintiff outlined the dates that inmate incidents occurred with no corrective action, and identified herself as a whistleblower due to her growing safety concerns. Moreover, Plaintiff reported that inmates routinely heard radio communications announcing critical staff levels and regularly ran the control panel in Defendant DOC's officer stations, which were direct violations of Defendant DOC's policies and procedures.

23.     On December 26, 2017, Plaintiff was called into a second inquiry with Warden Maddox regarding her reporting. Plaintiff disclosed further acts of Defendants' violations among the medical staff.   Plaintiff's employment was wrongfully terminated three days later on December 29, 2017 in retaliation for her multiple protected disclosures.

24.     Plaintiff has retained the undersigned counsel to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee, along with costs incurred in connection with this action, under applicable law.

## COUNT I
## PUBLIC EMPLOYEE WHISTLEBLOWER RETALIATION
### (Claim against Defendant DOC)

25.     Plaintiff realleges and incorporates by reference paragraphs 1 through 24, as if set forth in their entirety herein.

26.     This Count sets forth a claim on behalf of Plaintiff against Defendant DOC pursuant to §112.3187, Florida Statutes.

27.     As stated more specifically herein in part above, Plaintiff reported and disclosed, verbally and in writing, violations of law, rules or regulations, mismanagement, malfeasance, misfeasance, gross waste of public funds and/or gross neglect of duty committed by one (1) or more employees, agents or independent contractors of Defendant to persons both inside and

outside of her normal chain-of-command, and to others having the authority to investigate, police, manage and, otherwise, remedy the violations that he reported.

28.     After reporting these matters, opposing illegal activities, and/or participating in inquiries, investigations, hearings, or other agency inquiries, as related in part above, Plaintiff became the unwitting victim of retaliatory actions, as set forth in part above.

29.     Plaintiff's adverse treatment, including her termination, was a direct and/or proximate adverse result of her reporting/opposing violations of laws, rules or regulations, of her reporting malfeasance, misfeasance or gross misconduct, and/or of her participating in investigations, hearings or other inquiries, as chronicled in part above.

30.     The actions of all of the employees and/or agents of Defendant who affected Plaintiff's relationship with Defendant adversely did so at least in part in retaliation against her for her "whistleblowing" activities.

31.     As a direct and/or proximate result of the actions taken against her by Defendant Plaintiff has suffered injury, including, but not limited to, past and future wage losses, and other tangible and intangible damages.   These damages have occurred in the past, are occurring at present, and will likely continue on into the future.

## COUNT II
## VIOLATION OF SECTION 448.102, FLORIDA STATUTES
### (Claim against Defendant MHM)

32.     Paragraphs 1 through 24 are realleged incorporated herein by reference.

33.     This is an action brought under § 448.101 *et seq.*, Florida Statutes.

34.     As set forth in greater detail above, during the course of Plaintiff's employment, she objected to certain practices of Defendant that were in violation of state and/or federal laws, rules and/or regulations and/or she reasonably and objectively believed they were in violation of same.

35.     After Plaintiff objected, Defendant terminated her.

36.     Plaintiff was terminated because she disclosed a practice of the Defendant that is in violation of a law, rule, or regulation, and Plaintiff brought the activity, policy, or practice to the attention of a supervisor, and/or to Defendant and afforded Defendant a reasonable opportunity to correct the activity, policy, or practice and/or objected to, or refused to participate in, any activity, policy, or practice of Defendant which is in violation of a law, rule, or regulation and/or she reasonably and objectively believed they were in violation of same.

37.     The disclosures made by Plaintiff are protected under § 448.102, Florida Statutes.

38.     As a direct and proximate cause of Plaintiff's participation in the whistleblowing activities referenced above, Plaintiff has been damaged, which damages include but are not limited to emotional pain and suffering, lost wages, other tangible and intangible damages, and any other compensatory damages allowed by law.  Plaintiff is also entitled to injunctive relief.

## COUNT III
## GENDER DISCRIMINATION
### (Claim against both Defendants)

39.     Paragraphs 1- 24 are re-alleged and incorporated herein by reference.

40.     This is an action against Defendant for discrimination based upon gender brought under Chapter 760, Florida Statutes.

41.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendant who are male and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's gender.

42.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff

or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

43.     Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

44.     Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

45.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

46.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein led, at least in part, to Plaintiff's termination.

47.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of Chapter 760, Florida Statutes.

48.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief.

## COUNT IV
## RETALIATION
### (Claim against Both Defendants)

49.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 24, as if set forth in their entirety herein.

50.     Defendant is an employer as that term is used under the applicable statutes referenced above.

51.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under Chapter 760, Florida Statutes.

52.     The foregoing unlawful actions by Defendant were purposeful.

53.     Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

54.     Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter.  There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

55.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.  These damages are continuing and are permanent.  Plaintiff is entitled to injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

(a)     that process issue and this Court take jurisdiction over this cause;

(b)     that this Court grant equitable relief against Defendant under the counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     that this Court enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     that this Court enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     that this Court enter judgment against Defendant and for Plaintiff awarding Plaintiff costs and attorneys' fees, as allowed by law;

(f)     that this Court award Plaintiffs interest as allowed by law; and that this Court grant such other and further relief as is just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing amended complaint has been furnished to all counsel of record via the e-filing portal this 29th day of August, 2019.

Respectfully submitted,

Adam Ellis; FBN 35628
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL   32301
Telephone:   (850) 383-4800
Facsimile:   (850) 383-4801
adam@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF

Filing # 95366668 E-Filed 09/09/2019 12:01:14 PM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL
CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

CHRISTINA WORLEY,

     Plaintiff,

v.                                      Case No. 2019-CA-000697

FLORIDA DEPARTMENT OF CORRECTIONS
MHM HEALTH PROFESSIONALS, INC., and
MHM HEALTH PROFESSIONALS, LLC,

     Defendants.

_____/

DEFENDANT MHM HEALTH PROFESSIONALS, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES

Defendant MHM Health Professionals, LLC, f/k/a MHM Health Professionals, Inc. ("MHMHP")[1], by and through its undersigned counsel, hereby answers the correspondingly-numbered paragraphs of the Amended Complaint as follows:

NATURE OF THE ACTION

1.     MHMHP admits that Plaintiff purports to bring this action pursuant to § 112.3187, *Florida Statutes*, § 448.101 et seq., *Florida Statutes*, and Chapter 760, *Florida Statutes*, but denies that it violated any of the aforementioned statutes.

2.     MHMHP admits that Plaintiff purports to bring this action for damages in excess of Fifteen Thousand Dollars ($15,000), exclusive of attorney's fees and costs, but denies that Plaintiff is entitled to any relief or damages.

---

[1] MHMHP was converted from a corporation to a limited liability company effective December 31, 2018.

## PARTIES

3.     MHMHP admits it employed Plaintiff and that she is a member of a protected class because of her gender.   MHMHP is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph with regard to Plaintiff's residency, therefore, they are denied. MHMHP otherwise denies the remaining allegations of this paragraph.

4.     MHMHP admits that Defendant Florida Department of Corrections is organized and exists under the laws of the State of Florida.   MHMHP further admits it was Plaintiff's employer.  The remaining allegations of this paragraph are otherwise denied.

5.     MHMHP denies that it entered into a contractual agreement with Defendant DOC to provide comprehensive health care services.   MHMHP admits that it is a Delaware entity with its principal place of business in Florida and further states that it was converted from a corporation to a limited liability company effective December 31, 2018. MHMHP also admits that it was Plaintiff's employer.  The allegations of this paragraph are otherwise denied.

6.     MHMHP denies that it entered into a contractual agreement with Defendant DOC to provide comprehensive health care services.   MHMHP admits that it is a Delaware entity with its principal place of business in Florida and further states that it was converted from a corporation to a limited liability company effective December 31, 2018. MHMHP also admits that it was Plaintiff's employer.  The allegations of this paragraph are otherwise denied.

## CONDITIONS PRECEDENT

7.      MHMHP admits that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relation and with the EEOC.  MHMHP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, therefore, they are denied.

## STATEMENT OF FACTS

8.      MHMHP admits that Plaintiff is a woman and was employed by MHMHP as a Registered Nurse at Defendant DOC's Northwest Florida Reception Center from May of 2016 through December 29, 2017.  The remaining allegations of this paragraph are otherwise denied.  In addition, MHMHP denies the allegations of the first sentence of footnote 1 and admits the allegations of the second sentence of footnote 1.

9.      MHMHP denies the allegations of this paragraph.

10.     MHMHP denies the allegations of this paragraph.

11.     MHMHP admits Plaintiff submitted a written complaint on July 3, 2017. MHMHP otherwise denies the remaining allegations of this paragraph.

12.     In response to the allegation of this paragraph, MHMHP avers that Plaintiff's July 3, 2017 written complaint speaks for itself.  MHMHP otherwise denies the allegations of this paragraph.

13.     In response to the allegation of this paragraph, MHMHP avers that Plaintiff's July 3, 2017 written complaint speaks for itself.  MHMHP otherwise denies the allegations of this paragraph.

14.     In response to the allegations of this paragraph, MHMHP admits that Plaintiff submitted a written complaint to Human Resources on July 3, 2017 and further

3

avers that the complaint speaks for itself.   MHMHP otherwise denies the remaining allegations of this paragraph.

15.     MHMHP admits on November 11, 2017, Plaintiff was working in the Infirmary and that Plaintiff reinserted an inmate's catheter.  MHMHP is without knowledge or information sufficient to form a belief as to truth of the remainder of the allegations of this paragraph, therefore, they are denied.

16.     MHMHP admits that Plaintiff reported alleged inappropriate conduct by an inmate to DON Blocker on or about November 12, 2017.  MHMHP is without knowledge or information sufficient to form a belief as to truth of the remainder of the allegations of this paragraph, therefore, they are denied.

17.     MHMHP denies that Plaintiff was forced to move locations. MHMHP is without knowledge or information sufficient to form a belief as to truth of the remainder of the allegations of this paragraph, therefore, they are denied.

18.     MHMHP admits that Plaintiff claimed to be anxious.  MHMHP denies that HSA Johnson refused to discuss the matter with Plaintiff.  MHMHP is without knowledge or information sufficient to form a belief as to truth of the remainder of the allegations of this paragraph, therefore, they are denied.

19.     MHMHP denies the allegations of this paragraph.

20.     MHMHP denies the allegations of this paragraph.

21.     MHMHP admits that Warden Maddox and others met with Plaintiff to discuss her concerns.  MHMHP otherwise denies the allegations of this paragraph.

22.     In response to the allegations of this paragraph, MHMHP admits that Plaintiff submitted a written complaint on November 16, 2017, and further avers that the

written complaint speaks for itself.  MHMHP otherwise denies the remaining allegations of this paragraph.

23.    MHMHP denies the allegations of this paragraph.

24.    MHMHP is without knowledge as to the allegations in the first sentence of this paragraph and, therefore, they are denied. MHMHP otherwise denies the remaining allegations of this paragraph.

## COUNT I
### PUBLIC EMPLOYEE WHISTLEBLOWER RETALIATION
**(Claim against Defendant DOC)**

25.    MHMHP reasserts and incorporates herein its responses to Paragraphs 1 through 24 above.

26.    MHMHP admits that Plaintiff purports to bring a claim against Defendant DOC pursuant to § 112.3187, *Florida Statutes*.

27.    MHMHP denies the allegations of this paragraph.

28.    MHMHP denies the allegations of this paragraph.

29.    MHMHP denies the allegations of this paragraph.

30.    MHMHP denies the allegations of this paragraph.

31.    MHMHP denies the allegations of this paragraph.

## COUNT II
### VIOLATION OF SECTION 448.102, FLORIDA STATUTES
**(Claim against Defendant MHM)**

32.    MHMHP reasserts and incorporates herein its responses to Paragraphs 1 through 24 above.

33.    MHMHP admits that Plaintiff purports to bring this action under § 448.101 *et seq.*, *Florida Statutes*.  MHMHP otherwise denies the allegations of this paragraph.

34.     MHMHP denies the allegations of this paragraph.

35.     MHMHP denies the allegations of this paragraph.

36.     MHMHP denies the allegations of this paragraph.

37.     MHMHP denies the allegations of this paragraph.

38.     MHMHP denies the allegations of this paragraph.

**COUNT III**
**GENDER DISCRIMINATION**
**(Claim against both Defendants)**

39.     MHMHP reasserts and incorporates herein its responses to Paragraphs 1 through 24 above.

40.     MHMHP admits that Plaintiff purports to bring this action for discrimination based on gender pursuant to Chapter 760, *Florida Statutes.* MHMHP otherwise denies the allegations of this paragraph.

41.     MHMHP denies the allegations of this paragraph.

42.     MHMHP denies the allegations of this paragraph.

43.     MHMHP denies the allegations of this paragraph.

44.     MHMHP denies the allegations of this paragraph.

45.     MHMHP denies the allegations of this paragraph.

46.     MHMHP denies the allegations of this paragraph.

47.     MHMHP denies the allegations of this paragraph.

48.     MHMHP denies the allegations of this paragraph.

<u>COUNT IV</u>
<u>RETALIATION</u>
**(Claim against both Defendants)**

49.    MHMHP reasserts and incorporates herein its responses to Paragraphs 1 through 24 above.

50.    MHMHP admits that it is an employer.   MHMHP otherwise denies the remaining allegations of this paragraph.

51.    MHMHP denies the allegations of this paragraph.

52.    MHMHP denies the allegations of this paragraph.

53.    MHMHP denies the allegations of this paragraph.

54.    MHMHP denies the allegations of this paragraph.

55.    MHMHP denies the allegations of this paragraph.

**PRAYER FOR RELIEF**

MHMHP denies that Plaintiff is entitled to any of the relief requested by Plaintiff.

**DEMAND FOR TRIAL BY JURY**

MHMHP denies that any case or controversy exists so as to entitle Plaintiff to a trial by jury.

**DEFENDANT MHM HEALTH PROFESSIONALS, LLC'S AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Any adverse personnel action taken with respect to Plaintiff was taken for legitimate, non-discriminatory, non-retaliatory reasons and was predicated upon a ground other than, and would have been taken absent, Plaintiff's alleged protected category or exercise of a right protected by the Florida Private Whistleblower Act or Chapter 760, *Florida Statutes*.

7

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff establishes any unlawful action was taken, which MHMHP denies, MHMHP would have taken the same action and decision in the absence of any alleged unlawful motivating factor.

## THIRD AFFIRMATIVE DEFENSE

Any compensatory or punitive damages are limited to the amounts authorized by the Florida Civil Rights Act, *Fla. Stat.*, §§ 760.01 *et seq.*

## FOURTH AFFIRMATIVE DEFENSE

Any and all alleged adverse employment actions taken by MHMHP, which impacted Plaintiff, were predicated upon and motivated by non-discriminatory, non-retaliatory reasons and as such, Plaintiff cannot prove that such actions were motivated by discrimination or retaliation or alternatively, that "but for" the alleged discrimination or retaliation the alleged actions would not have been taken.

## FIFTH AFFIRMATIVE DEFENSES

Any alleged unlawful actions by current or former employees of MHMHP were undertaken outside the course and scope of their employment or by third parties, and any such actions cannot form the basis for Plaintiff's purported whistleblower claim because MHMHP has not ratified, authorized, or condoned any such unlawful conduct.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has failed to make reasonable efforts to mitigate her damages, she is not entitled to relief.

## SEVENTH AFFIRMATIVE DEFENSE

After-acquired evidence of Plaintiff's misconduct, if discovered, may bar some or all of Plaintiff's claims, allegations, or alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

MHMHP is entitled to a set-off for, among other things, any amounts recovered by Plaintiff from any collateral source or through her efforts to mitigate damages.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims are barred, either in whole or in part, by any applicable statute of limitations, Plaintiff is precluded from recovering on those claims.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrines of unclean hands, laches, waiver, and/or estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because her own acts and omissions proximately caused or contributed to any alleged loss or injury.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to her failure to exhaust her administrative remedies.

## THIRTEENTH AFFIRMATIVE DEFENSE

MHMHP denies that Plaintiff is entitled to injunctive or equitable relief.

**WHEREFORE,** Defendant MHM Health Professionals, LLC respectfully requests that judgment be entered in its favor and against Plaintiff, and that it be awarded costs and attorneys' fees incurred in defending this action, as well as such further relief as the Court deems just and appropriate.

Respectfully submitted,

/s/ Catherine H. Molloy
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 33500
Email: molloyk@gtlaw.com
Cayla M. Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, Florida 33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
*Attorneys for Defendant MHM Health Professionals, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 9, 2019 I electronically filed the foregoing

document with the Clerk of the Court by using the E-Filing Portal, which will send a notice

electronically to:

Adam Ellis, Esq.
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
adam@mattoxlaw.com

/s/Catherine H. Molloy
Attorney

10

Filing # 95559744 E-Filed 09/11/2019 05:04:37 PM

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA

**CHRISTINA WORLEY,**

      **Plaintiff,**

**v.**                                         **Case No.: 2019-CA-000697**

**FLORIDA DEPARTMENT OF CORRECTIONS, MHM HEALTH PROFESSIONALS, INC., and MHM HEALTH PROFESSIONALS, LLC,**

      **Defendants.**

_____/

## REQUEST FOR COPIES

Plaintiff, **Christina Worley**, pursuant to Rule 1.351(e), Florida Rules of Civil Procedure, hereby requests that Defendant provide the undersigned attorney with legible copies of each and every document produced pursuant to Defendant's, MHM Health Professionals, LLC's, f/k/a MHM Health Professionals, Inc., Notice of Intent to Serve Subpoena Duces Tecum without Deposition, dated and filed September 11, 2019, regarding the following persons or entities:

1. **Doctor's Memorial Hospital**
   **Attn: Custodian of Records**
   **2600 Hospital Drive**
   **Bonifay, FL 34425**

2. **Corizon Health, Inc.**
   **Attn: Custodian of Records**
   **c/o CT Corporation System**
   **1200 South Pine Island Road**
   **Plantation, FL 33324**

Plaintiff hereby agrees to pay the reasonable cost for the requested copies upon presentation of documentation of expenses and costs but requests prior notification of any amounts over Fifty ($50) Dollars.

Respectfully submitted,

/s/ **Adam Ellis**
Adam Ellis, FBN: 35628
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
adam@mattoxlaw.com
jervonie@mattoxlaw.com
michelle2@mattoxlaw.com [scheduling]

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been served via electronic

filing through the Florida Courts E-Filing Portal and as a courtesy by electronic mail this 11th

day of September, 2019 to:

**Cayla M. Page**
**Richard C. McCrea, Jr.**
**Catherine H. Molloy**
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, Florida 33602
pagec@gtlaw.com
mccrear@gtlaw.com
molloyk@gtlaw.com

**ATTORNEYS FOR DEFENDANT**

/s/ **Adam Ellis**
Adam Ellis

Filing # 95706643 E-Filed 09/13/2019 05:54:48 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

CHRISTINA WORLEY,

      **Plaintiff,**

v.                                   Case No.: 2019-CA-000697

FLORIDA DEPARTMENT OF CORRECTIONS,
MHM HEALTH PROFESSIONALS, INC., and
MHM HEALTH PROFESSIONALS, LLC,

      **Defendants.**

_____/

## NOTICE OF SERVICE OF PLAINTIFF'S VERIFIED ANSWERS
## TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Notice is hereby given that Plaintiff's Verified Answers to Defendant's First Set of

Interrogatories have been furnished by electronic mail to counsel for Defendant, **Catherine H.**

**Molloy**, **Richard C. McCrea, Jr.,** and **Cayla M. Page**, GREENBERG TRAURIG, P.A., Tampa,

Florida 33602; mollyk@gtlaw.com, mccrear@gtlaw.com, and pagec@gtlaw.com on September

13, 2019.

Respectfully submitted,

/s/ **Adam Ellis**
Adam Ellis; FBN: 35628
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Telephone: (850) 383-4800
adam@mattoxlaw.com
jervonie@mattoxlaw.com
michelle2@mattoxlaw.com [scheduling]

**ATTORNEYS FOR PLAINTIFF**

Filing # 95706643 E-Filed 09/13/2019 05:54:48 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**CHRISTINA WORLEY,**

     **Plaintiff,**

v.                                       Case No.: 2019-CA-000697

**FLORIDA DEPARTMENT OF CORRECTIONS,
MHM HEALTH PROFESSIONALS, INC., and
MHM HEALTH PROFESSIONALS, LLC,**

     **Defendants.**

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

    Plaintiff, **Christina Worley**, by and through her undersigned counsel, responds to

Defendant's First Request for Production of Documents as follows:

1.    All documents which support, or which you believe tend to support, the allegations of
Paragraph No. 10 of the Complaint that "[i]n July 2017, Plaintiff reported to DON Blocker
that an inmate was not receiving appropriate medical care given the severity of his medical
condition."

    **RESPONSE:**    See attached: correspondence and documents.

2.    All documents which support, or which you believe tend to support, the allegations of
Paragraph No. 11 of the Complaint that "Plaintiff subsequently reported to DON Blocker
that Defendant, at the existing facility, would not be able to adequately care for this
inmate."

    **RESPONSE:**    None, other than documents produced responsive to other requests herein,
are in Plaintiff's possession.

3.    All documents which support, or which you believe tend to support, the allegations of
Paragraph Nos. 11 and 12 of the Complaint that "Defendant did not have the appropriate
supplies available" and that "Defendant did not have the adequate equipment or staff to
appropriately care for the patient."

    **RESPONSE:**    None, other than documents produced responsive to other requests herein,
are in Plaintiff's possession.

4.  All documents which support, or which you believe tend to support, the allegations of Paragraph No. 13 of the Complaint that "On July 3, 2017, Plaintiff submitted an official report to Human Resources detailing the inadequate care provided to said inmate and the gross misconduct that was performed by Defendants."

    **RESPONSE:**   None, other than documents produced responsive to other requests herein, are in Plaintiff's possession.

5.  All documents which support, or which you believe tend to support, the allegations of Paragraph No. 13 of the Complaint that "Plaintiff reported further misconduct by way of Defendants' unsafe work environment for its medical personnel including specifically without limitation inmate stabbings, inmates assaulting security, rumors of riots, and lack of medical personnel."

    **RESPONSE:**   None, other than documents produced responsive to other requests herein, are in Plaintiff's possession.

6.  All documents which support, or which you believe tend to support, the allegations of Paragraph No. 14 of the Complaint that "Plaintiff realized she was being forced to virtually 'masturbate' this inmate, by repeatedly touching his penis each time said inmate intentionally displaced his catheter."

    **RESPONSE:**   None, other than documents produced responsive to other requests herein, are in Plaintiff's possession.

7.  All documents which support, or which you believe tend to support, the allegations of Paragraph No. 16 of the Complaint that "DOC's policy [ ] stated when an inmate crossed boundaries with lewd and lascivious exposure, or attempt to establish any inmate relationship with staff; they – the inmate(s) – are moved."

    **RESPONSE:**   None, other than documents produced responsive to other requests herein, are in Plaintiff's possession.

8.  All documents which support, or which you believe tend to support, the allegations of Paragraph No. 17 of the Complaint that "in evidence of retaliation for her reporting, Plaintiff was forced to move locations three (3) separate times."

    **RESPONSE:**   None, other than documents produced responsive to other requests herein, are in Plaintiff's possession.

9.  All documents which support, or which you believe tend to support, the allegations of Paragraph No. 17 of the Complaint that "multiple employees within Defendant refused to assist Plaintiff with her work duties."

    **RESPONSE:**   None, other than documents produced responsive to other requests herein, are in Plaintiff's possession.

10.   All documents which support, or which you believe tend to support, the allegations of Paragraph No. 18 of the Complaint that "Plaintiff pleaded with administration for help, as she was traumatized and suffered from nightmares, flashbacks, and excessive anxiety."

**RESPONSE:**   None, other than documents produced responsive to other requests herein, are in Plaintiff's possession.

11.   All documents which support, or which you believe tend to support, the allegations of Paragraph No. 18 of the Complaint that "Health Administrator Tara Johnson refused to talk to Plaintiff about the issues."

**RESPONSE:**   None, other than documents produced responsive to other requests herein, are in Plaintiff's possession.

12.   All documents which support, or which you believe tend to support, the allegations of Paragraph No. 19 of the Complaint that "DON Blocker told Plaintiff she did not know what Plaintiff wanted, and HR Director Sara Brus told Plaintiff that she did not believe her."

**RESPONSE:**   None, other than documents produced responsive to other requests herein, are in Plaintiff's possession.

13.   All documents which support, or which you believe tend to support, the allegations of Paragraph No. 20 of the Complaint.

**RESPONSE:**   None, other than documents produced responsive to other requests herein, are in Plaintiff's possession.

14.   All documents which support, or which you believe tend to support, the allegations of Paragraph No. 21 of the Complaint that "Plaintiff reported safety issues regarding several inmates housed within the Defendant DOC."

**RESPONSE:**   None, other than documents produced responsive to other requests herein, are in Plaintiff's possession.

15.   All documents which support, or which you believe tend to support, the allegations of Paragraph No. 22 of the Complaint that "Plaintiff filed a written complaint regarding ongoing violations of laws, rules and/or regulations and/or misfeasance, and/or gross misconduct."

**RESPONSE:**   None, other than documents produced responsive to other requests herein, are in Plaintiff's possession.

16.   All documents which support, or which you believe tend to support, the allegations of Paragraph No. 23 of the Complaint that "Plaintiff disclosed further facts of Defendants' violations among the medical staff."

**RESPONSE:**   None, other than documents produced responsive to other requests herein, are in Plaintiff's possession.

17.   All documents which support, or which you believe tend to support, the allegations of Paragraph No. 25 of the Complaint that "in retaliation for filing her internal complaint, for reporting actual and/or suspected violations of laws, rules and/or regulations and/or malfeasance, misfeasance and/or gross misconduct, participating in an investigation and/or inquiry, and in continued disparate treatment due to her gender, Plaintiff was wrongfully terminated."

**RESPONSE:**   None, other than documents produced responsive to other requests herein, are in Plaintiff's possession.

18.   All documents which support, or which you believe tend to support, the allegations of Paragraph No. 42 of the Complaint that "Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendant who are male and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's gender."

**RESPONSE:**   None, other than documents produced responsive to other requests herein, are in Plaintiff's possession.

19.   All documents which support, or which you believe tend to support, the allegations of Paragraph No. 45 of the Complaint that "Defendant knowingly condoned and ratified the differential treatment of Plaintiff."

**RESPONSE:**   None, other than documents produced responsive to other requests herein, are in Plaintiff's possession.

20.   All documents which support, or which you believe tend to support, the allegations of Paragraph No. 55 of the Complaint that "actions by Defendant were purposeful."

**RESPONSE:**   None, other than documents produced responsive to other requests herein, are in Plaintiff's possession.

21.   All documents provided to the Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations with regard to the allegations contained in the Complaint.

**RESPONSE:**   See attached: documents relating to submitted charges.

22.   All diaries, calendars, personal notebooks, notes, journals, photographs or other such documents kept or maintained by you from May of 2016 to the date of your response hereto, including but not limited to documents which may be used by you to recall any events relating to the allegations set forth in the Complaint.

**RESPONSE:**   There are no documents responsive to this request in Plaintiff's possession.

23. To the extent not otherwise produced, all documents relating to your employment with Defendant, including any documentation that you removed from Defendant during your employment.

**RESPONSE:**   There are no documents responsive to this request in Plaintiff's possession.

24. To the extent not otherwise produced, all documents which may be used by you to recall any events relating to any of the allegations in the Complaint.

**RESPONSE:**   There are no documents responsive to this request in Plaintiff's possession.

25. All documents that support the claims for damages sought in the Complaint.

**RESPONSE:**   Plaintiff is still in the process of gathering and organizing additional information and will supplement this response, if responsive documents are located.

26. All documents related to your efforts to mitigate the damages that you have allegedly suffered.

**RESPONSE:**   See attached: notice of approval.  Also, Plaintiff is still in the process of gathering and organizing additional information and will supplement this response, if responsive documents are located.

27. All applications for employment that you've submitted since your employment with Defendant terminated.

**RESPONSE:**   There are no documents responsive to this request in Plaintiff's possession.

28. All written, recorded or transcribed statements or affidavits from any witnesses who claim to have knowledge of any of the allegations in the Complaint.

**RESPONSE:**   There are no documents responsive to this request in Plaintiff's possession.

29. All documents reflecting any communications or correspondence between you and any present or former employee or agent of Defendant on or after December 1, 2017 through the date of your response hereto.

**RESPONSE:**   There are no documents responsive to this request in Plaintiff's possession.

30.   All text messages, emails, phone logs between you and any current or former employee of Defendant that relate to your employment with Defendant.

**RESPONSE:**   None, other than documents produced responsive to other requests herein, are in Plaintiff's possession.

31.   All text messages, emails, phone logs between you and any current or former employee of the Florida Department of Corrections that relate to your employment with Defendant.

**RESPONSE:**   There are no documents responsive to this request in Plaintiff's possession.

32.   All documents identified, described, listed, referred to, consulted or used to respond to Defendant's First Set of Interrogatories to Plaintiff.

**RESPONSE:**   None other than the documents produced responsive to other requests herein.

33.   Your complete federal income tax returns, including W-2 and 1099 forms and any other schedules and attachments, for calendar years 2016, 2017, and 2018.

**RESPONSE:**   Plaintiff is still in the process of gathering and organizing additional information and will supplement this response, if responsive documents are located.

34.   Produce a fully executed unemployment compensation records release form, which is attached hereto for your signature. Complete and attach the form to your response.

**RESPONSE:**   An executed release form will be provided as soon as Plaintiff is able.

35.   Produce a fully executed medical release form, which is attached hereto for your signature. Complete and attach the form to your response.

**RESPONSE:**   Objection –this request calls for privileged information.

36.   Any documents not requested in the foregoing paragraphs, which support, or which you believe tend to support, any of the allegations contained in the Complaint.

**RESPONSE:**   There are no documents responsive to this request in Plaintiff's possession.

Respectfully submitted,

/s/ **Adam Ellis**
Adam Ellis; FBN: 35628
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Telephone: (850) 383-4800
adam@mattoxlaw.com
jervonie@mattoxlaw.com
michelle2@mattoxlaw.com [scheduling]

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served via electronic filing through the Florida Courts E-Filing Portal and as a courtesy by electronic mail this 13th day of September, 2019 to:

**Catherine H. Molloy**
**Richard C. McCrea, Jr.**
**Cayla M. Page**
GREENBERG TRAURIG, P.A.
Tampa, Florida 33602
mollyk@gtlaw.com
mccrear@gtlaw.com
pagec@gtlaw.com

**ATTORNEYS FOR DEFENDANT**

/s/ **Adam Ellis**
Adam Ellis

Filing # 95748949 E-Filed 09/16/2019 12:27:42 PM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL
CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**CHRISTINA WORLEY,**

**Plaintiff,**

v.                                                                      **Case No. 2019-CA-000697**

**FLORIDA DEPARTMENT OF CORRECTIONS
MHM HEALTH PROFESSIONALS, INC., and
MHM HEALTH PROFESSIONALS, LLC,**

**Defendants.**

_____/

## NOTICE OF CANCELLATION OF HEARING

**PLEASE TAKE NOTICE** that Defendant, MHM Health Professionals, LLC, f/k/a

MHM Health Professionals, Inc. is cancelling the hearing on **Defendant's Motion to**

**Dismiss, Or In The Alternative, For A More Definite Statement** scheduled on October

7, 2019 at 2:45 P.M. before Honorable Kevin J. Carroll, Leon County Courthouse, 301 S.

Monroe Street, Room 330, Tallahassee, FL 32301.

Respectfully submitted,

/s/Catherine H. Molloy
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 33500
Email: molloyk@gtlaw.com
Cayla M. Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, Florida 33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 16, 2019, I electronically filed the foregoing document with the Clerk of the Court by using the E-Filing Portal, which will send a notice electronically to:

Adam Ellis, Esq.
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
adam@mattoxlaw.com

/s/Catherine H. Molloy
Attorney

2

Filing # 96126630 E-Filed 09/23/2019 01:39:05 PM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL
CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**CHRISTINA WORLEY,**

      **Plaintiff,**

**v.**                                     **Case No. 2019-CA-000697**

**FLORIDA DEPARTMENT OF CORRECTIONS
MHM HEALTH PROFESSIONALS, INC., and
MHM HEALTH PROFESSIONALS, LLC,**

      **Defendants.**

_____/

### DEFENDANT MHM HEALTH PROFESSIONALS, LLC'S
### NOTICE OF SERVICE OF UNVERIFIED RESPONSES AND
### <u>OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES</u>

**PLEASE TAKE NOTICE** that the original and a copy of Defendant MHM Health

Professionals, LLC's Unverified Responses and Objections to Plaintiff's First Set of

Interrogatories has been served by email and by U.S. mail this 23rd day of September,

2019 upon:

Adam Ellis, Esq.
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
adam@mattoxlaw.com

Respectfully submitted,

Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 33500
Email: molloyk@gtlaw.com
Cayla M. Page
Florida Bar No. 1003487

_ACTIVE 44711305v1_

Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, Florida 33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
*Attorneys for Defendant MHM Health
Professionals, LLC*

Filing # 96544501 E-Filed 10/01/2019 12:51:09 PM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL
CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**CHRISTINA WORLEY,**

     **Plaintiff,**

**v.**                                         **Case No. 2019-CA-000697**

**FLORIDA DEPARTMENT OF CORRECTIONS**
**MHM HEALTH PROFESSIONALS, INC., and**
**MHM HEALTH PROFESSIONALS, LLC,**

     **Defendants.**

_____/

### NOTICE OF TAKING DEPOSITION OF PLAINTIFF

**PLEASE TAKE NOTICE** that Defendant, MHM Health Professionals, LLC f/k/a MHM

Health Professionals, Inc., will take the deposition of Plaintiff as follows:

| DEPONENT | DATE AND TIME | LOCATION |
|---|---|---|
| Christina Worley | October 29, 2019 at 9:00 a.m. | Greenberg Traurig, LLP 101 E. College Avenue Tallahassee, FL 32301 (850) 222-6891 |

The deposition is by oral examination and will continue from day to day until completed, before a

member of Magna Legal Services, Inc., who is a certified court reporter and notary public, and

who is not of counsel to the parties or interested in the events of the cause. The deposition is being

taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted

under the rules of Court.

*ACTIVE 46061697v1*

Dated: October 1, 2019

/s/Catherine H. Molloy
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 33500
Email: molloyk@gtlaw.com
Cayla M. Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, Florida 33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
*Attorneys for Defendant MHM Health Professionals, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 1, 2019, I electronically filed the foregoing document with the Clerk of the Court by using the E-Filing Portal, which will send a notice electronically to:

Adam Ellis, Esq.
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
adam@mattoxlaw.com
jervonie@mattoxlaw.com
michelle2@mattoxlaw.com

/s/Catherine H. Molloy
Attorney

Filing # 96577222 E-Filed 10/01/2019 04:55:38 PM

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

CHRISTINA WORLEY

          Plaintiff,                        CASE NO.: 2019 CA 000697

vs.

FLORIDA DEPARTMENT OF CORRECTIONS,
MHM HEALTH PROFESSIONALS, INC. and
MHM HEALTH PROFESSIONALS, LLC

          Defendants.

---

**DEFENDANT, FLORIDA DEPARTMENT OF CORRECTIONS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

      COMES NOW, Defendant, FLORIDA DEPARTMENT OF CORRECTIONS (hereinafter

"FDC"), by and through its undersigned counsel, and hereby files this Motion to Dismiss Plaintiff's

Complaint pursuant to Rule 1.140 of the Florida Rules of Civil Procedure, and as grounds therefore

states the following:

### I.    STATEMENT OF FACTS

      1.     This case concerns instances of gender discrimination and retaliation that Plaintiff

allegedly experienced while she was employed as a Registered Nurse at the Northwest Florida

Reception Center. (See Complaint, ¶ 8, Filing # 95007895 E-Filed 08/29/2019 05:04:04 PM).

      2.     Specifically, Plaintiff alleges that she was subjected to mistreatment by the staff at

the Northwest Florida Reception Center including the Director of Nursing, Brandi Blocker, Health

Services Administrator, Tara Johnson, and Human Resources Director, Sara Brus. (See Complaint,

¶ 10). Plaintiff claims that she made complaints about her work environment being unsafe, and that

her supervisors failed to discuss the complaints or take corrective action. (See Complaint, ¶¶ 19-22).

3.      Plaintiff further alleges that the Warden of the Northwest Florida Reception Center questioned Plaintiff's complaints by failing to take corrective action after receiving reports of safety issues and policy violations. (See Complaint, ¶¶ 21-23).

4.      Plaintiff claims that Defendant FDC refused to take any corrective action after receiving Plaintiff's reports of misconduct, and ultimately discharged Plaintiff on December 29, 2017. (See Complaint, ¶¶ 22-23).

5.      Plaintiff's Complaint alleges three counts against FDC: public employee whistleblower retaliation (Count One); gender discrimination (Count Three); and retaliation (Count Four). (See Complaint).

6.      Count One is brought pursuant to the Florida Whistle-Blower's Act ("FWA"); however, Plaintiff's Complaint fails to sufficiently allege compliance with the statutory conditions precedent to this action. (See Complaint, ¶ 7).

7.      Meanwhile, Counts Three and Four come within the purview of the Florida Civil Rights Act ("FCRA"); however, Plaintiff has failed to sufficiently allege compliance with the statutory conditions precedent contained in the FCRA. (See Complaint, ¶ 7).

8.      Plaintiff further failed to adequately plead prima facie causes of action against Defendant FDC. Concerning Count Three of Plaintiff's Complaint which attempts to allege a gender discrimination claim against FDC, Plaintiff not only failed to allege compliance with pre-suit requirements, Plaintiff also fails to identify the type of discrimination that she was allegedly subjected to. (See Complaint, ¶¶ 39-48).

9.      Count Four, Plaintiff's retaliation claim, also fails to identify which theory of retaliation Plaintiff alleges she was subjected to. (See Complaint, ¶¶ 49-55).

2

10.     Finally, as alleged in the Complaint, the acts and omissions giving rise to Plaintiff's claims occurred at Northwest Florida Reception Center. (See Complaint ¶ 8).

11.     Northwest Florida Reception Center is located in Washington County, Florida. (See Affidavit of Assistant Warden Eric Hall, attached hereto as Exhibit "A"). Nevertheless, Plaintiff filed the instant action in Leon County.

12.     Accordingly, this Motion to Dismiss is necessary.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION.

"'To state a cause of action, a complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief.'" W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc., 728 So. 2d 297, 300 (Fla. 1st DCA 1999) (quoting Perry v. Cosgrove, 464 So. 2d 664, 665 (Fla. 2nd DCA 1985)). Accordingly, the test for a motion to dismiss for failure to state a cause of action "is whether the pleader could prove any set of facts whatever in support of the claim." Rocks v. McLaughlin Engineering Co., 49 So. 3d 823, 826 (Fla. 4th DCA 2010). "In ruling on a motion to dismiss for failure to state a cause of action, the trial court is confined to a consideration of the allegations found within the four corners of the complaint." Carmona v. McKinley, Ittersagen, Gunderson & Berntsson, P.A., 952 So. 2d 1273, 1275 (Fla. 2d DCA 2007) (internal quotations omitted). "The court must assume that all allegations in the complaint are true and decide whether the plaintiff would be entitled to relief." Id.

1. **Plaintiff's State-Law Whistle-Blower Claim against FDC Must Be Dismissed as Plaintiff has Failed to Sufficiently Allege Compliance with a Condition Precedent to Filing Suit against Defendant FDC.**

Plaintiff's state-law Whistle-Blower claim against FDC (Count One) must be dismissed because Plaintiff has failed to adequately allege compliance with the pre-suit notice requirement in Florida Statute § 768.28. Florida Statute § 768.28 applies to actions against the state, including actions under the Whistle-Blower Act. (See Barthlow v. Jett, 930 So. 2d 739 (Fla. 1st DCA 2006)(granting Defendant's Motion to Dismiss Florida Whistle-Blower claim for failure to comply with section 768.28 pre-suit notice requirements)).

Section 768.28 contains Florida's waiver of sovereign immunity for itself, its agencies, and its subdivisions. Pertinent here, the statute provides:

> (a) An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, . . . presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing.
> . . . .
>
> (b) For purposes of this section, the requirements of notice to the agency and denial of the claim pursuant to paragraph (a) are conditions precedent to maintaining an action . . . .

§ 768.28(6)(a)-(b), Fla. Stat. (emphasis added). Failure of the agency to make a final disposition of a claim within six months after it is filed "shall be deemed a final denial of the claim." § 768.28(6)(d), Fla. Stat.

As evidenced by the statute's plain wording, section 768.28(6)'s pre-suit notice provision is a condition precedent, "which serves the purpose of giving the appropriate entities an opportunity to investigate and time to respond." Maynard v. State, Dep't of Corr., 864 So. 2d 1232, 1233-1234

4

(Fla. 1st DCA 2004). Because it is an aspect of Florida's sovereign immunity waiver, section 768.28(6)'s "notice provision is strictly construed, with strict compliance being required." Id. at 1234. See also Levine v. Dade Cnty. Sch. Bd., 442 So. 2d 210, 212-213 (Fla. 1983) (holding that section 768.28(6)'s notice requirement must be strictly construed). The statute "leaves little room for substantial compliance." Hamide v. State, Dep't of Corr., 584 So. 2d 136, 137 (Fla. 1st DCA 1991) (holding that section 768.28(6) was not complied with when the notice was forwarded to the Department of Corrections by a third party rather than directly by the claimant). Accordingly, where a plaintiff fails to fully satisfy the requirements of section 768.28(6), the action is properly dismissed. Maynard, 864 So. 2d at 1234.

Further, the Whistle-Blower Act itself has requirements that must precede filing of suit under the Act. Florida Statute § 112.3187 provides:

> (a) Any employee of or applicant for employment with any state agency . . . who is discharged, disciplined, or subjected to other adverse personnel action, or denied employment, because he or she engaged in an activity protected by this section may file a complaint, which complaint must be made in accordance with s. 112.31895. Upon receipt of notice from the Florida Commission on Human Relations of termination of the investigation, the complainant may elect to pursue the administrative remedy available under s. 112.31895 or bring a civil action within 180 days after receipt of the notice.

§112.3187(8)(a), Fla. Stat. This statute, like section 768.28, is a pre-suit requirement. (See Univ. of Cent. Fla. Bd. of Trustees v. Turkiewicz, 21 So. 3d 141, 145 (Fla. 5th DCA 2009) (holding that section 112.3187(8)(a) is a condition precedent to filing suit, thus "employees are only entitled to file a civil action within 180 days after receipt of notice from the FCHR of termination of the investigation.")).

5

Here, Defendant FDC is an agency of the State of Florida, and as such, is entitled to pre-suit notice pursuant to Florida Statute § 768.28(6). Statutorily, Plaintiff is also required to file suit within 180 days after receiving notice of termination of investigation by the Florida Commission on Human Relations under section 112.3187(8)(a). However, beyond the conclusory allegation contained in paragraph 7 of the Complaint that "Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and with the EEOC. This action is timely filed thereafter," Plaintiff fails to allege strict compliance with the requirements of these statutes. (See Complaint, ¶ 7). Specifically, Plaintiff does not allege when she presented notice of her claims, whether the notice was presented in writing, whether Plaintiff's claims were denied by the appropriate agency in writing, and when any such denial occurred. Plaintiff also fails to allege whether notice was presented in writing to the Department of Financial Services, as is required by the statute. See 768.28(6)(a), Fla. Stat. For this reason, FDC respectfully submits that it is entitled to dismissal of Count One of Plaintiff's Complaint based of Plaintiff's failure to adequately allege compliance with a condition precedent.

2.   **Plaintiff's Claims Brought Pursuant to the Florida Civil Rights Act Must Be Dismissed as Plaintiff has Failed to Sufficiently Allege Compliance with the Act's Presuit Administrative Procedures.**

The Florida Civil Rights Act ("FCRA") provides aggrieved persons with an avenue for redress of unlawful discrimination in the workplace. "Under certain circumstances, the Act creates a statutory right to maintain a civil cause of action when a violation occurs. However, the Act first requires that the claimant comply with a set of presuit administrative procedures." Maggio v. Fla. Dep't of Labor and Employment Sec., 899 So. 2d 1074, 1077 (Fla. 2005). Specifically, Florida

Statutes § 760.11(1) requires the claimant to file a complaint with the Florida Commission on Human Relations ("FCHR") or Equal Employment Opportunity Commission ("EEOC") "within 365 days of the alleged violation, naming the employer . . . responsible for the violation and describing the violation." 760.11(1), Fla. Stat. The FCHR then investigates the allegations of the complaint to determine "whether there is reasonable cause to believe that discriminatory practice has occurred." 760.11(3), Fla. Stat. The FCHR must make its reasonable cause determination within 180 days of the filing of the complaint. Id. In the event the FCHR determines there is reasonable cause to believe discrimination has occurred, or in the event the FCHR fails to make a determination within 180 days, the claimant may bring a civil action against the employer. § 760.11(4), (8), Fla. Stat. "A civil action brought under the FCRA must be filed 'no later than 1 year after the date of determination of reasonable cause by the commission.'" Sheridan v. State, Dep't of Health, 182 So. 3d 787, 790 (Fla. 1st DCA 2016) (quoting § 760.11(5)).

Notably, "the administrative exhaustion requirements of the FCRA involve more than the mere passage of time," rather, they "entail a period of investigation" by the FCHR. Id. at 794. In Sheridan, the First District reiterated that the FCRA's administrative framework

> [P]ermits those subjected to unlawful workplace discrimination to seek redress, imposes a preliminary screening procedure to weed out unmeritorious claims, and avoids having that screening process arbitrarily eliminate the right to review by allowing those whose charges are not efficiently handled to proceed to circuit court if no ruling has been rendered in 180 days.

Id. at 792 (quoting McElrath v. Burley, 707 So. 2d 836, 840 (Fla. 1st DCA 1998)). Accordingly, the First District held that "the carefully crafted administrative regime of the FCRA is frustrated when a claimant acts contrary to its express terms." Id. With this in mind, courts have understandably recognized that satisfaction of the administrative preconditions of the FCRA operates as "a condition precedent that must be pleaded when filing the civil action." Maynard v. Taco Bell of Am., Inc., 117

7

So. 3d 1159, 1161 (Fla. 2nd DCA 2013). Pertinent here, a civil action is premature and subject to dismissal if it is filed prior to the FCHR making a cause determination or before the full 180-day investigatory period has elapsed. <u>Sheridan</u>, 182 So. 3d at 794. Accordingly, in order to avoid dismissal it is necessary for a civil rights plaintiff to sufficiently allege timely compliance with the statutorily-required condition precedent. <u>See, e.g.</u> <u>Maynard</u>, 117 So. 3d at 1161 (holding that complaint sufficiently alleged compliance with condition precedent when plaintiff alleged he received notice from FCHR on January 13, 2009 that 180 days had elapsed without FCHR making a probable cause determination).

Here, Plaintiff's FCRA claims against FDC (Counts Three and Four) are premised on various instances of discrimination, which allegedly occurred between July 3, 2017 and December 29, 2017; however, Plaintiff's Complaint fails to sufficiently allege compliance with the FCRA's administrative preconditions. (<u>See</u> Complaint, ¶¶ 1-23). Instead, Plaintiff merely claims: "Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and with the EEOC. This action is timely filed thereafter." (<u>See</u> Complaint, ¶ 7). Plaintiff's bare assertion that she filed a charge of discrimination with the FCHR and EEOC does not demonstrate the requisite timely compliance with the FCRA's administrative conditions precedent. Notably, it is impossible to determine from Plaintiff's allegations as to when she filed her charge with the EEOC and FCHR, whether she received a cause determination from the FCHR, or alternatively, whether she properly waited for the 180-day investigative period to elapse, as required by statute. For this reason, FDC respectfully requests dismissal of Counts Three and Four of Plaintiff's Complaint based of Plaintiff's failure to adequately allege compliance with the FCRA's conditions precedent.

8

3. **Plaintiff's Count Three against FDC Should Be Dismissed as Plaintiff Improperly Commingled Multiple Allegations of Gender Discrimination Within One Count of The Complaint.**

In Count Three of the Complaint, Plaintiff attempts to allege a gender discrimination claim against FDC. (See Complaint, ¶¶ 39-48). Plaintiff brought a gender discrimination claim under the FCRA, which provides that it is unlawful for an employer to "discharge . . . any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." § 760.10(1)(a), Fla. Stat. Under Florida Law "[t]here are two different avenues upon which a plaintiff may allege intentional discrimination: (1) disparate treatment; and (2) pattern or practice discrimination." City of Miami v. Hervis, 65 So. 3d 1110, 1116 (Fla. 3rd DCA 2011). These theories of gender discrimination must be plead individually, as they are separate and distinct allegations. Harris v. Radioshack Corp., 2002 WL 1907569, at *2 (S.D. Fla. May 23, 2002)(holding "If Plaintiff desires to assert discrimination claims under various theories, these claims must be asserted in separate counts . . ..").

Presently, Plaintiff has alleged both theories of discrimination within a single count of the Complaint. In Count Three, Plaintiff alleges that "Defendant knowingly condoned and ratified the differential treatment of Plaintiff," which raises a disparate treatment allegation. (See Complaint, ¶ 43). In the very next paragraph, Plaintiff raises a 'pattern or practice claim' by alleging that Defendant FDC "perpetuated and facilitated an abusive and offensive work environment." (See Complaint, ¶ 44). This combination of multiple theories of gender discrimination leaves Count Three insufficient to support a prima facie case of discrimination, therefore dismissal is proper. Ratliff v. State, 666 So. 2d 1008, 1013 (Fla. 1st DCA), approved, 679 So. 2d 1183 (Fla. 1996)(citations omitted)(holding that the failure to establish a prima facie case of discrimination ends the inquiry).

The separate theories of legal liability combined within Count Three of Plaintiff's Complaint carry different burdens, give rise to different defenses, and require separate and distinct prima facie elements. Since Defendant FDC cannot reasonably discern which acts have given rise to Plaintiff's alleged gender discrimination and cannot ascertain which theory of discrimination Plaintiff alleges she was subjected to, Defendant FDC is unable to prepare a defense; therefore, this Motion is due to be granted.

**4.    Plaintiff's Count Four against FDC Should Be Dismissed as Plaintiff Improperly Failed to Allege a Theory of Retaliation Giving Rise to This Claim.**

To state a prima facie case of discrimination under the FCRA and overcome a motion to dismiss for failure to state a cause of action, "the complaint must include sufficient facts to allege: (1) the plaintiff engaged in a protected activity (i.e. a protected disclosure); (2) the plaintiff suffered an adverse employment action; and (3) the two events are not wholly unrelated." Shaw v. Town of Lake Clarke Shores, 174 So. 3d 444, 445–446 (Fla. 4th DCA 2015).

Under the FCRA, there are two different theories of retaliation: opposition claims and participation claims. Florida Statute § 760.10 provides:

> It is an unlawful employment practice for an employer, an employment agency, a joint labor-management committee, or a labor organization to discriminate against any person because that person has *opposed* any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or *participated* in any manner in an investigation, proceeding, or hearing under this section.

Fla. Stat.§ 760.10 (emphasis added). The opposition clause prohibits "an employer from discriminating 'against any person because that person has opposed any practice which is an unlawful employment practice under' the FCRA." Arnold v. Heartland Dental, LLC, 101 F. Supp. 3d 1220 (M.D. Fla. 2015). The FCRA's participation clause "protects proceedings and activities

10

which occur in conjunction with or after the filing of a formal charge with the [FCHR]." Carter v. Health Mgmt. Assocs., 989 So. 2d 1258, 1264 (Fla. 2nd DCA 2008). A seminal difference between these two clauses is the timing of when a formal complaint is filed. An opposition claim generally protects "disclosures made in a "written and signed complaint" upon the employee's own initiative," whereas a participation claim applies to "disclosures made when the employee is 'requested to participate in an investigation, hearing, or other inquiry conducted by any agency or federal government entity.'" Shaw v. Town of Lake Clarke Shores, 174 So. 3d 444, 446 (Fla. 4th DCA 2015)(quoting Fla. Stat. 112.3187).

Presently, Plaintiff claims that she was subjected to "unlawful retaliation after Plaintiff reported or opposed unlawful employment practices." (See Complaint, ¶ 51). Plaintiff alleges that she filed various reports with "Don Blocker, Health Services Administrator Johnson, HR Director Brus, and DOC Warden Maddox," as well as with the FCHR and EEOC. (See Complaint, ¶ 7-20). Plaintiff does not specify when the EEOC or FCHR reports were filed, if these reports were investigated, or whether the reports were filed during her period of employment at the Northwest Florida Reception Center. As a result, Defendant FDC has no way of knowing whether Plaintiff alleges that these reports were grounds for the alleged retaliation. Plaintiff's failure to provide specific dates in the Complaint makes it impossible for Defendant FDC to determine whether Plaintiff is alleging an opposition claim or a participation claim under Florida Statute § 760.10.

Since Defendant FDC cannot reasonably discern which acts have given rise to Plaintiff's retaliation claim and cannot ascertain which theory of retaliation Plaintiff alleges she was subjected to, Defendant FDC is unable to prepare a defense; therefore, this Motion is due to be granted.

**B.  PLAINTIFF HAS FILED THE INSTANT ACTION IN THE IMPROPER VENUE, NECESSITATING DISMISSAL OF PLAINTIFF'S COMPLAINT.**

When a plaintiff has selected an improper venue, the defendant may seek dismissal or

transfer of the plaintiff's complaint. See Fla. R. Civ. P. Rule 1.140(b). Courts have recognized that

the following legal principles apply to venue disputes:

> The right to initially select venue belongs to the plaintiff. Velez v. Mell D. Leonard
> & Assocs., Inc., 338 So.2d 896, 897 (Fla. 2d DCA 1976). It is the defendant's burden
> to plead and prove that venue is improper. Id. That burden is not met where a
> defendant files an unsworn motion and does not present affidavits or other sworn
> proof in support of the motion. Davis v. Fla. Power Corp., 492 So.2d 829, 829-30
> (Fla. 2d DCA 1986); Magee v. Liberty Mut. Ins. Co., 366 So.2d 827 (Fla. 4th DCA
> 1979). Moreover, while a trial court has broad discretion in dealing with matters of
> venue, the party challenging venue must provide a sufficient factual basis for the
> exercise of that discretion. Groome v. Abrams, 448 So.2d 82, 83 (Fla. 4th DCA
> 1984).

Loiaconi v. Gulf Stream Seafood, Inc., 830 So. 2d 908, 909-910 (Fla. 2d DCA 2002). Moreover, "[a]

motion by the defendant to dismiss or transfer on the ground of improper venue raises issues of fact

and must be resolved by an evidentiary hearing, unless the face of the complaint demonstrates venue

is improper." Leatherwood v. Cardservice Int'l, Inc., 885 So. 2d 997, 998 (Fla. 4th DCA 2004).

Presently, it is clear that the face of Plaintiff's Complaint demonstrates an improper venue.

Generally, state agencies such as FDC enjoy a common law 'home venue privilege,' which

provides that venue "properly lies in the county where the state, agency, or subdivision, maintains

its principal headquarters." Carlile v. Game and Fresh Water Fish Comm'n, 354 So. 2d 362, 366

(Fla. 1977). Meanwhile, Florida Statute § 768.28(1) provides that in actions against the state and its

subdivisions, venue is proper "in the county where the property in litigation is located or, if the

affected agency or subdivision has an office in such county for the transaction of its customary

business, where the cause of action accrued." Florida Statute § 768.28(1) (Emphasis added).

Accordingly, in an action against a state agency, such as the case at bar, "venue is proper either in

the county where the state agency maintains its headquarters, or in the county were the cause of action accrued, provided that the agency maintains 'an office in [that] county for the transaction of its customary business.'" State, Dep't of Transp. v. Jackson, 716 So. 2d 841, 842 (Fla. 1st DCA 1998) (quoting § 768.28(1), Fla. Stat. (1995)) (internal citations omitted). When a state agency waives its common law venue privilege, proper venue lies in the county where the cause of action accrued, "provided that the agency maintains 'an office in [that] county for the transaction of its customary business.'" State, Dep't of Transp., 716 So. 2d at 842.

Here, FDC is waiving its privilege to be sued in Leon County–the county where it maintains its headquarters–as it is FDC's position that Plaintiff's lawsuit should be brought in Washington County, which is the county where Plaintiff's cause of action accrued. Pursuant to Plaintiff's Complaint, the mistreatment she complains of occurred at Northwest Florida Reception Center; the alleged mistreatment occurred while Plaintiff was employed at Northwest Florida Reception Center; and the alleged mistreatment was perpetrated by other employees working at Northwest Florida Reception Center. (See Complaint, ¶¶ 8-22). Northwest Florida Reception Center is an FDC facility located in Washington County, Florida. (See Exhibit "A," Affidavit of Assistant Warden Hall, ¶ 4). As a prison within the FDC system, Northwest Florida Reception Center qualifies as a facility wherein FDC transacts its customary business, namely, the incarceration and supervision of inmates. (See Exhibit "A," Affidavit of Assistant Warden Hall, ¶ 3). Defendant MHM Health Professionals has been informed of such waiver and has no objection to a transfer of venue to Washington County. Accordingly, Plaintiff's Complaint should be dismissed because venue in this case is proper in Washington County pursuant to Section 768.28(1).

In the alternative, FDC requests that the Court transfer this action to Washington County. Florida Statute §47.122 provides: "For the convenience of the parties or witnesses or in the interest

13

of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought." For the reasons discussed above, Washington County is the proper venue in this case. Moreover, transferring Plaintiff's case to Washington County would be more convenient for the parties and the witnesses in this case. Plaintiff's allegations make it clear that Northwest Florida Reception Center–which is located in Washington County–is the epicenter of the acts and omissions giving rise to Plaintiff's claims. In her Complaint, Plaintiff alleges that she was employed at Northwest Florida Reception Center, and the majority of the witnesses she names in her Complaint are or were employees at Northwest Florida Reception Center. (See Complaint, ¶¶8-22). Likewise, Co-Defendant MHM Health Professionals is a contractor providing health services at Northwest Florida Reception Center, and does not object to the transfer of venue to Washington County. (See Complaint, ¶ 10). Conversely, Plaintiff's claims lack any connection to Leon County other than the fact that FDC maintains its headquarters there. Accordingly, FDC requests that this Court exercise its discretion and transfer this action to Washington County.

### III.   **CONCLUSION**

WHEREFORE, Defendant FDC respectfully requests that this Court grant Defendant's Motion to Dismiss based on Plaintiff's failure to state a cause of action. Defendant FDC further requests that this Court dismiss Plaintiff's Complaint based on improper venue, or in the alternative, transfer Plaintiff's Complaint to Washington County.

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been provided to the following by

Florida Courts E-Filing Portal on this ___ day of _____ 2019:

Adam Ellis
Marie A. Mattox, PA
203 North Gadsden Street
Tallahassee, Florida 32301
adam@mattoxlaw.com
michelle2@mattoxlaw.com
jervonie@mattoxlaw.com
*Attorney for Plaintiff*

Richard C. McCrea, Jr.
Catherine H. Molloy
Cayla M. Page
Greenberg Traurig, PA
101 E. Kennedy Blvd., Suite 1900
Tampa, Florida 33602
mccrear@gtlaw.com
molloyk@gtlaw.com
pagec@gtlaw.com
*Attorney for Defendants, MHM Health*
*Professionals, Inc. and MHM Health*
*Professionals, LLC*

E. Nicole Palmer
Florida Bar No. 015554
WADE, PALMER & SHOEMAKER, P.A.
14 N. Palafox Street
P.O. Box 13510
Pensacola, FL 32591-3510
(850) 429-0755
Primary: npalmer@wpslawyers.com
Secondary: jboling@wpslawyers.com
Secondary: cschreiner@wpslawyers.com
*Attorney for Defendant, Florida Department*
*of Corrections*

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

CHRISTINA WORLEY

        Plaintiff,                        CASE NO.: 2019 CA 000697

vs.

FLORIDA DEPARTMENT OF CORRECTIONS,
MHM HEALTH PROFESSIONALS, INC. and
MHM HEALTH PROFESSIONALS, LLC

        Defendants.

_____

**AFFIDAVIT OF ASSISTANT WARDEN ERIC HALL**

STATE OF FLORIDA
COUNTY OF ESCAMBIA

      BEFORE ME, the undersigned authority duly authorized to take acknowledgments and

administer oaths, personally appeared ERIC HALL, who after being duly sworn and cautioned,

does depose and say under oath as follows:

      1.     My name is Eric Hall, and I am at least 21 years of age and have personal knowledge

of the matters set forth herein.

      2.     I am the Assistant Warden at Northwest Florida Reception Center.

      3.     Northwest Florida Reception Center is a state correctional facility operated by the

Florida Department of Corrections.

      4.     Northwest Florida Reception Center is located in Washington County, Florida.



FURTHER AFFIANT SAYETH NAUGHT

ERIC HALL

STATE OF FLORIDA
COUNTY OF WASHINGTON

Before the undersigned authority, a Notary Public, in and for said State and County,

personally appeared **ERIC HALL,** known to me and known to me to be the person described by

said name, who acknowledged to me that she executed the above and foregoing instrument for the

uses and purposes therein expressed. The affiant is known to the undersigned authority by the

following type of identification (if known by personal knowledge, please specify):

_____personally known_____, and the undersigned authority administered

an oath.

GIVEN under my hand and official seal this __24th__ day of __Sept_____, 2019.

Notary Public State of Florida
George S Lee
My Commission GG 303956
Expires 02/19/2023

George S Lee
(Print name)
NOTARY PUBLIC
My Commission Expires:

Page 2 of 2

Filing # 96791114 E-Filed 10/04/2019 04:34:01 PM

### IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
### IN AND FOR LEON COUNTY, FLORIDA

CHRISTINA WORLEY

      Plaintiff,                        CASE NO.: 2019 CA 000697

vs.

FLORIDA DEPARTMENT OF CORRECTIONS,
MHM HEALTH PROFESSIONALS, INC. and
MHM HEALTH PROFESSIONALS, LLC

      Defendants.

---

### DEFENDANT, FLORIDA DEPARTMENT OF CORRECTIONS' MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S DISCOVERY

COMES NOW, Defendant, FLORIDA DEPARTMENT OF CORRECTIONS, by and through the undersigned counsel, hereby files this Motion for Enlargement of Time to Respond to Plaintiff's Discovery (the "Motion"), and in support thereof, states as follows:

1.    On or about June 21, 2019, Defendant was served with Plaintiff's First Set of Interrogatories and First Request for Production of Documents (the "Discovery").

2.    Defendant's response to the Discovery is due on or about October 18, 2019.

3.    Currently, Defendant has filed a Motion to Dismiss. This issue should be resolved prior to Defendant responding to discovery.

4.    This Motion is brought in good faith and not for the purposes of delay.

5.    This enlargement of time will not prejudice Plaintiff.

6.    Accordingly, the undersigned respectfully requests this Honorable Court for additional time, pursuant to Florida Rule of Civil Procedure 1.090, within which to provide

responses to Plaintiff's discovery requests.

WHEREFORE, Defendant respectfully requests this Honorable Court enter an Order(a)

providing an enlargement of time in which to respond to Plaintiff's Discovery, and (b) granting such

other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been provided to the following by

Florida Courts E-Filing Portal on this _4_ day of ___October___ 2019:

Adam Ellis
Marie A. Mattox, PA
203 North Gadsden Street
Tallahassee, Florida 32301
adam@mattoxlaw.com
michelle2@mattoxlaw.com
jervonic@mattoxlaw.com
*Attorney for Plaintiff*

Richard C. McCrea, Jr.
Catherine H. Molloy
Cayla M. Page
Greenberg Traurig, PA
101 E. Kennedy Blvd., Suite 1900
Tampa, Florida 33602
mccrear@gtlaw.com
molloyk@gtlaw.com
pagec@gtlaw.com
*Attorney for Defendants, MHM Health*
*Professionals, Inc. and MHM Health*
*Professionals, LLC*

Brooke A. DiSalvo
Florida Bar No.: 1017788
WADE, PALMER & SHOEMAKER, P.A.
14 North Palafox Street
P.O. Box 13510
Pensacola, FL 32591-3510
(850) 429-0755
Primary: npalmer@wpslawyers.com
Secondary: bdisalvo@wpslawyers.com
Secondary: jboling@wpslawyers.com
Secondary: cschreiner@wpslawyers.com
*Attorney for Defendant, Florida Department of*
*Corrections*

Filing # 96877046 E-Filed 10/07/2019 05:38:56 PM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA

**CHRISTINA WORLEY,**

　　　Plaintiff,

v.                                                        CASE NO.: 2019-CA-697

**FLORIDA DEPARTMENT OF CORRECTIONS,
MHM HEALTH PROFESSIONALS, INC., and
MHM HEALTH PROFESSIONALS, LLC,**

　　　Defendants.

_____/

## PLAINTIFF'S OBJECTION TO DEFENDANT DOC'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DISCOVERY

COMES NOW, Plaintiff, by and through the undersigned attorney, and objects to Defendants' Motion for Enlargement of Time to Respond to Discovery, and states the following in response:

1.　　Defendant requested a discovery extension from Plaintiff on September 17, 2019, and Plaintiff obliged. Defendants filed their second Motion to Dismiss October 1, 2019, and a Motion for Enlargement of Time to Respond to Discovery October 4, 2019. Defendant now seeks an unspecified discovery extension from the Court, without first conferring with Plaintiff. Plaintiff threatened a motion to compel against Defendant due to Defendant's failure to answer Plaintiff's eighth interrogatory October 4, 2019, and Defendant replied with the instant request for an unspecified discovery extension.

2.　　Defendants argue that discovery in this case should be stayed[1] pending the resolution of the Motion to Dismiss which was filed October 1, 2019, well after Plaintiff filed her discovery requests in question. Defendants are essentially requesting a discovery stay pending the resolution of their own motion, and Defendants' request should be denied because the Motion to Dismiss is without merit, as discussed below.

_____

[1] Defendants' proposed stay is evidently without limitation; no date is specified in the motion, and Defendants have yet to set their motion for a hearing.

3.      Defendants first allege that Plaintiff did not sufficiently allege compliance with conditions precedent to filing suit. Paragraph 7 of Plaintiff's First Amended Complaint reads as follows: "Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and with the EEOC. This action is timely filed thereafter." Plaintiff plainly and sufficiently alleged compliance with all pre-suit requirements. None of the authority cited in Defendants' motion requires Plaintiff to *allege* when the notice was presented, how the notice was presented, or the status of the claims with the agency as suggested in Defendants' motion because no such requirements in fact exist –Plaintiff's allegation of pre-suit compliance is straightforward and legally sufficient. Defendants' attempt to require more than what is required under the law should be disregarded. Interestingly, Defendants do not allege that Plaintiff's pre-suit filings are *actually* deficient –Defendants only argue that Plaintiff did not provide sufficient detail in the complaint regarding these filings.

4.      Defendants also argue that it "is impossible to determine from Plaintiff's allegations as to *(sic)* when she filed her charge with the EEOC and FCHR, whether she received a cause determination from FCHR, or alternatively, whether she properly waited for the 180-day investigative period to elapse, as required by statute." This argument is disingenuous because, as stated above, Defendants are attempting to add pleading requirements that do not exist. Defendants are also well aware of Plaintiff's pre-suit filings –Katie Molloy, whose name appears in the signature block of Defendants' Motion to Dismiss, submitted a nine page position statement plus attachments to the EEOC on April 6, 2018 in response to Plaintiff's charge of discrimination. Defendants are well aware that there are no administrative defects in Plaintiff's complaint, and are now attempting to manufacture a pleading defect where there is none.

5.      Defendants argue that Plaintiff improperly commingled multiple allegations of gender discrimination within Count III. Plaintiff pleads disparate treatment and pattern and practice involving gender in the alternative as she is entitled to do under the rules within Count III. Defendants' allegation that "these theories of gender discrimination must be plead individually, as they are separate and distinct allegations" is wholly unsupported in *Harris v. Radioshack*, 01-5093-CIV-LENARD, 2002 WL 1907569 (S.D. Fla. May 23, 2002) which Defendants cite. A quick read of *Harris* reveals that the case has *nothing* to do with gender

claims. In *Harris* an attempt was made to combine wholly unrelated claims into the same counts:

> In Count I, Plaintiff raises claims of racial discrimination under Title VII, including claims of harassment, disparate treatment, hostile work environment, demotion and constructive discharge. In Count II, Plaintiff alleges violations of 42 U.S.C. § 1981 on grounds that Defendant discriminated against Plaintiff because of his race and national origin, employed a pretextual basis for demoting and discharging Plaintiff, and engaged in disparate treatment. *Id.*

*Harris* is clearly inapplicable in the case at bar.

6.      Defendants next argue that Plaintiff failed to allege a theory of retaliation giving rise to this claim because opposition / participation is not specified, and dates are not provided.    This is yet another example of Defendants attempting to add pleading requirements which are not required under law. None of the authority cited by Defendants suggests that such a heightened pleading is required.  There is nothing to prevent Plaintiff from proceeding under both retaliation and opposition clauses.  None of Defendants' cited authority states that Plaintiff must provide dates in the complaint.  Notwithstanding, what is provided in the complaint is that Plaintiff made a written report regarding lack of proper medical equipment to accommodate a complex patient July 3, 2017.  Plaintiff then attended a meeting with Warden Mattox regarding her report on November 14, 2017.  Plaintiff filed another written report November 16, 2017, had a second meeting with Warden Mattox regarding her reports December 26, 2017, and Plaintiff's employment was terminated December 29, 2017.  Plaintiff's theory of retaliation is plain on its face; she spoke up about serious inmate safety issues, and her employment was terminated as a result.

7.      Defendants' final argument in the motion to dismiss is an allegation that venue is proper in Washington County, and not in Leon County.  Given Defendant's waiver[2] of the privilege to be sued its home county, Plaintiff agrees.  Counsel for Plaintiff has already communicated to Defendants the belief that a transfer of venue is proper given the circumstances.  Plaintiff does not, however, consent to a stay of discovery, and as long as this case is pending in this court, Defendants should adhere to the discovery deadlines

---

[2] This waiver was not made known to Plaintiff until October 1, 2019 when the currently-pending Motion to Dismiss was filed, nearly two months after counsel for Defendant entered a notice of appearance.

provided for in the rules.

8.      Finally, Defendants allege "this enlargement of time will not prejudice Plaintiff" in conclusory fashion in paragraph five of their currently-pending Motion for Enlargement of Time to Respond to Discovery. This is simply not true. The acts giving rise to this lawsuit occurred in 2017. Memories do not improve over time. It is imperative to move this litigation forward quickly to avoid irreparable prejudice to Plaintiff.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a copy of the foregoing Objection has been furnished to all counsel of record via the e-filing portal this 7th day of October, 2019.

Respectfully submitted,

Adam Ellis; FBN 35628
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL   32301
Telephone:   (850) 383-4800
Facsimile:   (850) 383-4801
adam@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF

Filing # 96906968 E-Filed 10/08/2019 11:42:15 AM

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,**
**IN AND FOR LEON COUNTY, FLORIDA**

**CHRISTINA WORLEY,**

      Plaintiff,

**v.**                                                                          **CASE NO.: 2019-CA-697**

**FLORIDA DEPARTMENT OF CORRECTIONS,**
**MHM HEALTH PROFESSIONALS, INC., and**
**MHM HEALTH PROFESSIONALS, LLC,**

      Defendants.

_____/

## PLAINTIFF'S SECOND INTERROGATORIES TO DEFENDANT

Plaintiff demands that Defendant respond to the interrogatories appended hereto as

Attachment "A" on or before <u>November 8, 2019</u>.

ATTACHMENT "A"
Plaintiff's First Interrogatories to Defendant

---

**CHRISTINA WORLEY v. FLORIDA DEPARTMENT OF CORRECTIONS**
**MHM HEALTH PROFESSIONALS, INC., and**
**MHM HEALTH PROFESSIONALS, LLC,**

2019-CA-697

---

1.  Who provided the information and answers to these questions? (If more than one person provided information and answers, specify by question number who provided the information for that question.  Do not limit the response to the person signing these interrogatories if that person is reporting information provided by others. Clearly specify the person(s) who provided the information set forth in each response.)

2.  State the full name, race, gender, date of birth, last-known job title and last-known work telephone number of every person who Defendant claims Plaintiff threatened with violence.  For each person listed, specify the precise language Plaintiff allegedly used, the full names of any witnesses who allegedly heard the threat, and the date the threat was allegedly made.

STATE OF FLORIDA,
COUNTY OF LEON

The foregoing was acknowledged before me by _____ who is [ ] personally known to me [ ] produced as identification, this ___ day of _____ 2019.

_____
Notary Public, State of Florida
Printed Name:_____
Commission Expiration Date:_____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served to all counsel of record via the e-filing portal this 8th day of October, 2019.

Respectfully submitted,

Adam Ellis; FBN 35628
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL   32301
Telephone:    (850) 383-4800
Facsimile:    (850) 383-4801
adam@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF

Filing # 97421754 E-Filed 10/17/2019 09:48:49 AM

### IN THE CIRCUIT COURT OF THE SECOND JUDICIAL
### CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**CHRISTINA WORLEY,**

     **Plaintiff,**

**v.**                                 **Case No. 2019-CA-000697**

**FLORIDA DEPARTMENT OF CORRECTIONS**
**MHM HEALTH PROFESSIONALS, INC., and**
**MHM HEALTH PROFESSIONALS, LLC,**

     **Defendants.**

_____/

### AMENDED NOTICE OF TAKING DEPOSITION OF PLAINTIFF

     **PLEASE TAKE NOTICE** that Defendant, MHM Health Professionals, LLC f/k/a MHM

Health Professionals, Inc., will take the deposition of Plaintiff as follows:

| DEPONENT | DATE AND TIME | LOCATION |
|---|---|---|
| Christina Worley | January 15, 2020 at 9:00 a.m. | Greenberg Traurig, LLP 101 E. College Avenue Tallahassee, FL 32301 (850) 222-6891 |

The deposition is by oral examination and will continue from day to day until completed, before a

member of Magna Legal Services, Inc., who is a certified court reporter and notary public, and

who is not of counsel to the parties or interested in the events of the cause. The deposition is being

taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted

under the rules of Court.

*ACTIVE 46061697v1*

Dated: October 17, 2019

*/s/Catherine H. Molloy*
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 33500
Email: molloyk@gtlaw.com
Cayla M. Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, Florida 33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
*Attorneys for Defendant MHM Health
Professionals, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 17, 2019, I electronically filed the foregoing

document with the Clerk of the Court by using the E-Filing Portal, which will send a notice

electronically to:

Adam Ellis, Esq.
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
adam@mattoxlaw.com
jervonie@mattoxlaw.com
michelle2@mattoxlaw.com

*/s/Catherine H. Molloy*
Attorney

Filing # 97472950 E-Filed 10/17/2019 04:35:28 PM

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

CHRISTINA WORLEY

        Plaintiff,                         CASE NO.: 2019 CA 000697

vs.

FLORIDA DEPARTMENT OF CORRECTIONS,
MHM HEALTH PROFESSIONALS, INC. and
MHM HEALTH PROFESSIONALS, LLC

        Defendants.

---

## CROSS NOTICE OF TAKING DEPOSITION

**PLEASE TAKE NOTICE** that the attorney for Defendant FLORIDA DEPARTMENT OF

CORRECTIONS will take the deposition of the following upon oral examination before Magna

Legal Services, Inc. at the location described below.  The deposition is being taken for the purpose

of discovery and/or use at trial.

|  |  |
|---|---|
| DATE: | **January 15, 2019** |
| TIME: | **8:00 a.m. CST / 9:00 a.m. EST** |
| DEPONENT: | **Christina Worley** |
| LOCATION: | **Greenberg Traurig, LLP**<br>**101 E. College Ave.**<br>**Tallahassee, Florida 32301** |

> **Persons with a disability who need special accommodations must notify the undersigned within two days of the proceeding which is the subject of this notice to assure that reasonable accommodations are available.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been provided to the following by

Florida Courts E-Filing Portal on this _____ day of _____, 2018:

Adam Ellis
Marie A. Mattox, PA
203 North Gadsden Street
Tallahassee, Florida 32301
adam@mattoxlaw.com
michelle2@mattoxlaw.com
jervonie@mattoxlaw.com
*Attorney for Plaintiff*

Richard C. McCrea, Jr.
Catherine H. Molloy
Cayla M. Page
Greenberg Traurig, PA
101 E. Kennedy Blvd., Suite 1900
Tampa, Florida 33602
mccrear@gtlaw.com
molloyk@gtlaw.com
pagec@gtlaw.com
*Attorney for Defendants, MHM Health Professionals, Inc. and MHM Health Professionals, LLC*


E. Nicole Palmer
Florida Bar No. 015554
WADE, PALMER & SHOEMAKER, P.A.
14 North Palafox Street
P.O. Box 13510
Pensacola, FL 32591-3510
(850) 429-0755 phone
(850) 429-0871 fax
Primary: npalmer@wpslawyers.com
Secondary: cschreiner@wpslawyers.com
Secondary: jboling@wpslawyers.com
*Attorney for Defendant, Florida Department of Corrections*

Filing # 97528610 E-Filed 10/18/2019 02:49:26 PM

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

CHRISTINA WORLEY

               Plaintiff,                              CASE NO.: 2019 CA 000697

vs.

FLORIDA DEPARTMENT OF CORRECTIONS,
MHM HEALTH PROFESSIONALS, INC. and
MHM HEALTH PROFESSIONALS, LLC

               Defendants.

---

**NOTICE OF SERVICE OF DEFENDANT, FLORIDA DEPARTMENT OF
CORRECTIONS' ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES**

    NOTICE IS HEREBY given that Defendant, FLORIDA DEPARTMENT OF

CORRECTIONS (Herein 'FDC'), has served upon Plaintiff, CHRISTINA WORLEY, its Answers

to Plaintiff's First Interrogatories to Defendant numbered 1 through 8.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing has been provided to the following by

Florida Courts E-Filing Portal on this \_\_\_\_ day of October, 2019:

Adam Ellis
Marie A. Mattox, PA
203 North Gadsden Street
Tallahassee, Florida 32301
adam@mattoxlaw.com
michelle2@mattoxlaw.com
jervonie@mattoxlaw.com
*Attorney for Plaintiff*

Richard C. McCrea, Jr.
Catherine H. Molloy
Cayla M. Page
Greenberg Traurig, PA
101 E. Kennedy Blvd., Suite 1900
Tampa, Florida 33602
mccrear@gtlaw.com
molloyk@gtlaw.com
pagec@gtlaw.com
*Attorney for Defendants, MHM Health
Professionals, Inc. and MHM Health
Professionals, LLC*

E. Nicole Palmer
Florida Bar No. 015554
WADE, PALMER & SHOEMAKER, P.A.
14 N. Palafox Street
P.O. Box 13510
Pensacola, FL 32591-3510
(850) 429-0755
Primary: npalmer@wpslawyers.com
Secondary: jboling@wpslawyers.com
Secondary: cschreiner@wpslawyers.com
*Attorney for Defendant, Florida Department of Corrections*

Filing # 97528610 E-Filed 10/18/2019 02:49:26 PM

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

CHRISTINA WORLEY

           Plaintiff,                                CASE NO.: 2019 CA 000697

vs.

FLORIDA DEPARTMENT OF CORRECTIONS,
MHM HEALTH PROFESSIONALS, INC. and
MHM HEALTH PROFESSIONALS, LLC

           Defendants.

_____

**NOTICE OF SERVICE OF DEFENDANT, FLORIDA DEPARTMENT OF
CORRECTIONS' ANSWERS TO PLAINTIFF'S SECOND INTERROGATORIES**

      NOTICE IS HEREBY given that Defendants, FLORIDA DEPARTMENT OF

CORRECTIONS (Herein 'FDC'), has served upon Plaintiff, CHRISTINA WORLEY, its Answers

to Plaintiff's Second Interrogatories to Defendants.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the foregoing has been provided to the following by

Florida Courts E-Filing Portal on this ____ day of October, 2019:

| | |
|---|---|
| Adam Ellis | Richard C. McCrea, Jr. |
| Marie A. Mattox, PA | Catherine H. Molloy |
| 203 North Gadsden Street | Cayla M. Page |
| Tallahassee, Florida 32301 | Greenberg Traurig, PA |
| adam@mattoxlaw.com | 101 E. Kennedy Blvd., Suite 1900 |
| michelle2@mattoxlaw.com | Tampa, Florida 33602 |
| jervonie@mattoxlaw.com | mccrear@gtlaw.com |
| *Attorney for Plaintiff* | molloyk@gtlaw.com |
| | pagec@gtlaw.com |
| | *Attorney for Defendants, MHM Health* |
| | *Professionals, Inc. and MHM Health* |
| | *Professionals, LLC* |

E. Nicole Palmer
Florida Bar No. 015554
WADE, PALMER & SHOEMAKER, P.A.
14 N. Palafox Street
P.O. Box 13510
Pensacola, FL 32591-3510
(850) 429-0755
Primary: npalmer@wpslawyers.com
Secondary: jboling@wpslawyers.com
Secondary: cschreiner@wpslawyers.com
*Attorney for Defendant, Florida Department of Corrections*

Filing # 97528610 E-Filed 10/18/2019 02:49:26 PM

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

CHRISTINA WORLEY

           Plaintiff,                             CASE NO.: 2019 CA 000697

vs.

FLORIDA DEPARTMENT OF CORRECTIONS,
MHM HEALTH PROFESSIONALS, INC. and
MHM HEALTH PROFESSIONALS, LLC

           Defendants.

_____

**DEFENDANT, FLORIDA DEPARTMENT OF CORRECTIONS' RESPONSE TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

      COMES NOW, Defendant, FLORIDA DEPARTMENT OF CORRECTIONS (Herein

'FDC'), by and through its undersigned counsel, and responds to Plaintiff's First Request for

Production served with the complaint as follows:

      1.      The entire personnel, tenure, promotion, disciplinary, attendance and leave, time, time

cards, investigative, grievance and payroll files pertaining to Plaintiff.

      **RESPONSE:**      **Plaintiff was not an employee of Defendant FDC, therefore FDC
has no internal personnel file or documents requested above. Any
and all documents in the possession of Defendant FDC relating
to this matter are attached to this response.**

      2.      All of Plaintiff's time and attendance records for Plaintiff's entire employment with

Defendant.

      **RESPONSE:**      **Plaintiff was not an employee of Defendant FDC, but was
employed by a contractor of FDC. FDC has no internal personnel
file or documents relating to the above request. Any and all non-
privileged documents in the possession of Defendant FDC
relating to this matter are attached to this response.**

3.     All schedules that show the daily and weekly hours that Plaintiff worked for

Defendant during Plaintiff's employment with Defendant.

> **RESPONSE:**      **Plaintiff was not an employee of Defendant FDC, but was
> employed by a contractor of FDC. FDC has no internal personnel
> file or documents relating to the above request. Any and all non-
> privileged documents in the possession of Defendant FDC
> relating to this matter are attached to this response.**

4.     Any and all documents pertaining to any reference provided by Defendant to any third

party about Plaintiff after Plaintiff's employment with Defendant ended.

> **RESPONSE:**      **Plaintiff was not an employee of Defendant FDC, but was
> employed by a contractor of FDC. FDC has no internal personnel
> file or documents relating to the above request. Any and all non-
> privileged documents in the possession of Defendant FDC
> relating to this matter are attached to this response.**

5.     Any and all documents pertaining to all investigations involving or initiated by any

matter involving Plaintiff during the time period relevant to this action, including complete copies

of all reports, with all attachments and relevant media files.

> **RESPONSE:**      **Defendant FDC has no internal documents relating to the above
> request. Any and all non-privileged documents in the possession
> of Defendant FDC relating to this matter are attached to this
> response.**

6.     Any and all documents showing any complaint against Plaintiff during the entire

course of Plaintiff's employment with Defendant. These documents should be produced in their

original, unredacted form with sufficient information for Plaintiff to identify the complaining party.

> **RESPONSE:**      **Plaintiff was not an employee of Defendant FDC, but was
> employed by a contractor of FDC. FDC has no internal personnel
> file or documents relating to the above request. Any and all non-
> privileged documents in the possession of Defendant FDC
> relating to this matter are attached to this response.**

7.      All policies and procedures applicable to Plaintiff's employment with Defendant,

whether Plaintiff was provided with a copy of those procedures or not.

> **RESPONSE:**          **Plaintiff was not an employee of Defendant FDC, but was employed by a contractor of FDC. FDC has no internal personnel file or documents relating to the above request. Any and all non-privileged documents in the possession of Defendant FDC relating to this matter are attached to this response.**

8.      All position descriptions for all positions held by Plaintiff during the entire course

of Plaintiff's employment with Defendant.

> **RESPONSE:**          **Plaintiff was not an employee of Defendant FDC, but was employed by a contractor of FDC. FDC has no internal personnel file or documents relating to the above request. Any and all non-privileged documents in the possession of Defendant FDC relating to this matter are attached to this response.**

9.      Each and every document describing disciplinary actions taken by Defendant against

Plaintiff during the entire course of Plaintiff's employment with Defendant.

> **RESPONSE:**          **Plaintiff was not an employee of Defendant FDC, but was employed by a contractor of FDC. FDC has no internal personnel file or documents relating to the above request. Any and all non-privileged documents in the possession of Defendant FDC relating to this matter are attached to this response.**

10.     The personnel and disciplinary files for all persons currently employed in Plaintiff's

former position within Defendant.

> **RESPONSE:**          **Plaintiff was not an employee of Defendant FDC, but was employed by a contractor of FDC. FDC has no internal personnel file or documents relating to the above request. Any and all non-privileged documents in the possession of Defendant FDC relating to this matter are attached to this response.**

11.    Any and all non-privileged documents showing disciplinary actions taken against current or former employees of Defendant other than Plaintiff during the time period applicable to this request under the same supervisor(s) as Plaintiff.

**RESPONSE:**    **Plaintiff was not an employee of Defendant FDC, but was employed by a contractor of FDC. FDC has no internal personnel file or documents relating to the above request. Any and all non-privileged documents in the possession of Defendant FDC relating to this matter are attached to this response.**

12.    Any and all email within Defendant's possession or control wherein Plaintiff's name is specifically referenced in the subject or body. This request is not seeking any and all email which was merely sent from or received by Plaintiff's former email account.

**RESPONSE:**    **FDC has no emails with Plaintiff's name specifically referenced in the subject or body. Any and all non-privileged documents in the possession of Defendant FDC relating to this matter are attached to this response.**

13.    Any and all documents Defendant received through a public records request, Freedom of Information Act request, or other request to any third party related to Plaintiff.

**RESPONSE:**    **Defendant FDC has no internal personnel file or documents relating to the above request. Any and all non-privileged documents in the possession of Defendant FDC relating to this matter are attached to this response.**

14.    Any and all documents Defendant has provided to or received from the Florida Commission on Human Relations or EEOC pertaining to Plaintiff.

RESPONSE:       **Any and all non-privileged documents in the possession of Defendant FDC relating to this matter are attached to this response.**

15.     Any and all documents Defendant has received through any third-party subpoena issued in this case.

RESPONSE:       **Defendant FDC has not issued any third-party subpoenas in this case. Any and all documents in the possession of Defendant FDC relating to this matter are attached to this response.**

16.     Any and all non-privileged documents Defendant has identified as pertaining to the claims by Plaintiff in this case, including documents Defendant has identified as supporting any defense to said claims.

RESPONSE:       **Any and all documents in the possession of Defendant FDC relating to this matter are attached to this response.**

17.     Any and all reports, correspondence, and other documents addressed to or received from the Florida Department of Labor, the Florida Commission of Human Relations, or any other federal, state, or local agency relating to Defendant's employment of Plaintiff, or to any claims made by Plaintiff against Defendant.

RESPONSE:       **Any and all documents in the possession of Defendant FDC relating to this matter are attached to this response.**

18.     Any and all documents referring or relating to the subject matter of this action which have been furnished to or received by Defendant's attorneys in connection with their defense of this action, except documents protected by a recognized privilege of non-production.

RESPONSE:       **Defendant FDC objects to the above request, as documents are protected by attorney-client privilege and work product doctrine. Without waiving said objections, any and all non-privileged documents in the possession of Defendant FDC relating to this matter are attached to this response.**

19.     Any and all transcripts, audio tapes, and video tapes (including depositions) obtained by Defendant involving Plaintiff, including, but not limited to, workers' compensation hearings, unemployment compensation hearings, conferences, grievance hearings, and union grievances.

**RESPONSE:**          **Any and all documents in the possession of Defendant FDC relating to this matter are attached to this response.**

20.     Any and all documents supporting any disciplinary action against Plaintiff during the entire course of Plaintiff's employment with Defendant.

**RESPONSE:**          **Plaintiff was not employed with Defendant FDC. Any and all non-privileged documents in the possession of Defendant FDC relating to this matter are attached to this response.**

21.     Any and all documents showing the basis or reason for any disciplinary action against Plaintiff during the entire course of Plaintiff's employment with Defendant.

**RESPONSE:**          **Plaintiff was not employed with Defendant FDC. Any and all non-privileged documents in the possession of Defendant FDC relating to this matter are attached to this response.**

22.     Any and all non-privileged documents which Defendant has identified as pertaining to the claims by Plaintiff in this proceeding, including documents Defendant has identified as supporting any defense to said claims not otherwise referred to in the foregoing requests.

**RESPONSE:**          **Any and all non-privileged documents in the possession of Defendant FDC relating to this matter are attached to this response.**

23.     Any and all documents which Defendant has identified to be used at trial other than as disclosed in Defendant's response to any foregoing requests.

**RESPONSE:**          **Undetermined at this time.   As discovery is ongoing, Defendant FDC reserves the right to amend this response.**

24.    Any and all non-privileged statements obtained by you or your attorneys, either recorded or written, at the time of or subsequent to the incidents alleged in the complaint filed herein.

**RESPONSE:**    **Defendant FDC objects to the above request, as documents are protected by attorney-client privilege and work product doctrine. Without waiving said objections, any and all non-privileged documents in the possession of Defendant FDC relating to this matter are attached to this response.**

25.    Any and all documents showing any deficiency in Plaintiff's performance during the entire course of Plaintiff's employment with Defendant.

**RESPONSE:**    **Plaintiff was not employed with Defendant FDC. Any and all non-privileged documents in the possession of Defendant FDC relating to this matter are attached to this response.**

26.    Any and all documents showing any notice to Plaintiff of any deficiencies in Plaintiff's performance during Plaintiff's employment with Defendant.

**RESPONSE:**    **Plaintiff was not employed with Defendant FDC. Any and all non-privileged documents in the possession of Defendant FDC relating to this matter are attached to this response.**

27.    Any and all documents supporting or pertaining to any criticism any supervisor of Plaintiff has had about Plaintiff, or Plaintiff's work performance, during the entire course of Plaintiff's employment with Defendant.

**RESPONSE:**    **Plaintiff was not employed with Defendant FDC. Any and all non-privileged documents in the possession of Defendant FDC relating to this matter are attached to this response.**

28.    Any and all documents upon which Defendant relies to support any finding or conclusion that Plaintiff was not properly performing Plaintiff's job duties with Defendant at any time during Plaintiff's employment with Defendant.

    **RESPONSE:**        **Plaintiff was not employed with Defendant FDC. Any and all non-privileged documents in the possession of Defendant FDC relating to this matter are attached to this response.**

29.    The current resume or list of qualifications of any expert witness, advisor or consultant who has been retained by Defendant in the instant case.

    **RESPONSE:**        **None at this time.**

30.    All reports, studies, or commentaries, formal or informal, of any expert witness, consultant or advisor who has been retained by Defendant in the instant case.

    **RESPONSE:**        **Defendant FDC is not in possession of any documents requested above. As discovery is ongoing, Defendant FDC reserves the right to amend this response.**

31.    Any and all non-privileged documents which support or substantiate any or all of Defendant's affirmative defenses.

    **RESPONSE:**        **Not applicable as Defendant has filed a Motion to Dismiss.**

32.    Any and all policies and procedures which Defendant claims Plaintiff violated at any time during the entire course of Plaintiff's employment with Defendant.

    **RESPONSE:**        **Plaintiff was not employed with Defendant FDC. Any and all non-privileged documents in the possession of Defendant FDC relating to this matter are attached to this response.**

33.    Any and all procedures, rules, or guidelines pertaining to Defendant's Equal Employment Opportunity policy or procedure applicable to Plaintiff's employment with Defendant.

    **RESPONSE:**        **Plaintiff was not employed with Defendant FDC. Any and all non-privileged documents in the possession of Defendant FDC relating to this matter are attached to this response.**

34.    All non-privileged documents in any file kept or maintained by Defendant which

specifically mention Plaintiff's name.

>    **RESPONSE:**         **Plaintiff was not an employee of Defendant FDC, therefore FDC**
>                         **has no internal personnel file or documents requested above. Any**
>                         **and all documents in the possession of Defendant FDC relating**
>                         **to this matter are attached to this response.**

35.    All documents Defendant relied upon or reviewed in making any decision to

discipline Plaintiff at any time during the entire course of Plaintiff's employment with Defendant.

>    **RESPONSE:**         **Plaintiff was not employed with Defendant FDC. Any and all**
>                         **non-privileged documents in the possession of Defendant FDC**
>                         **relating to this matter are attached to this response.**

36.    A list of all documents which are being withheld from production by virtue of any

privilege of non-production or for any other reason (this list should identify each document by its

name, date, author and recipient and specify the reason for withholding it from production). If there

are documents responsive to any of the foregoing requests which you refuse to produce, please define

or designate the documents in your response with sufficient particularity to allow Plaintiff to make

a motion for a court order to require production of these documents.

>    **RESPONSE:**         **Not applicable**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been provided to the following by

Florida Courts E-Filing Portal on this \18\th day of October, 2019:

Adam Ellis
Marie A. Mattox, PA
203 North Gadsden Street
Tallahassee, Florida 32301
adam@mattoxlaw.com
michelle2@mattoxlaw.com
jervonie@mattoxlaw.com
*Attorney for Plaintiff*

Richard C. McCrea, Jr.
Catherine H. Molloy
Cayla M. Page
Greenberg Traurig, PA
101 E. Kennedy Blvd., Suite 1900
Tampa, Florida 33602
mccrear@gtlaw.com
molloyk@gtlaw.com
pagec@gtlaw.com
*Attorney for Defendants, MHM Health*
*Professionals, Inc. and MHM Health*
*Professionals, LLC*

E. Nicole Palmer
Florida Bar No. 015554
WADE, PALMER & SHOEMAKER, P.A.
14 N. Palafox Street
P.O. Box 13510
Pensacola, FL 32591-3510
(850) 429-0755
Primary: npalmer@wpslawyers.com
Secondary: jboling@wpslawyers.com
Secondary: cschreiner@wpslawyers.com
*Attorney for Defendant, Florida Department*
*of Corrections*

Filing # 97562608 E-Filed 10/21/2019 08:03:03 AM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA

**CHRISTINA WORLEY,**

     **Plaintiff,**

**v.**                                **CASE NO.: 2019-CA-697**

**FLORIDA DEPARTMENT OF CORRECTIONS,**
**MHM HEALTH PROFESSIONALS, INC., and**
**MHM HEALTH PROFESSIONALS, LLC,**

     **Defendants.**

_____/

## PLAINTIFF'S NOTICE OF TAKING DEPOSITIONS

TO:   Richard C. McCrea, Jr.
       Catherine H. Molloy
       Cayla M. Page
       GREENBERG TRAURIG, P.A.
       101 E. Kennedy Boulevard, Suite 1900
       Tampa, Florida 33602

       E. Nicole Palmer, Esq.
       14 North Palafox Street
       PO Box 13510
       Pensacola, FL 32591-3510

PLEASE TAKE NOTICE that the undersigned will take the depositions of the following

persons pursuant to Rule 1.310, Florida Rules of Civil Procedure, on **February 6 and 7, 2020**

beginning at the times listed below before a notary public or person authorized by law to take

depositions in the State of Florida and/or the applicable state:

**February 6, 2020**

| Deponent | Time |
|---|---|
| Sarah Brus | 9:00 a.m. |
| Lisa Lynch | 10:00 a.m. |
| Victoria Love | 11:00 a.m. |
| Lori Cook | 1:00 p.m. |

| | |
|---|---|
| Brandi Blocker | 2:00 p.m. |
| Kathleen Douin | 3:00 p.m. |
| Tara Johnson | 4:00 p.m. |

**Location:**   **For the Record Reporting**
**1500 Mahan Drive, # 140**
**Tallahassee, FL 32308**

### February 7, 2020

| Deponent | Time |
|---|---|
| Dr. John Lay | 9:00 a.m. |
| Lisa Barton | 10:00 a.m. |
| Mikel Heard-Corbett | 11:00 a.m. |
| David Maddox | 1:00 p.m. |
| Mitchell Brown | 2:00 p.m. |
| Rodney Tomlinson | 3:00 p.m. |

**Location:**   **For the Record Reporting**
**1500 Mahan Drive, # 140**
**Tallahassee, FL 32308**

These depositions will be taken by oral examination before an officer duly authorized by law to take depositions, and are being taken for the purposes of discovery, for use at trial, or both, or for such other purposes as are permitted under the applicable and governing rules. You are hereby notified that plaintiff's counsels will independently audio-record the depositions separate and apart from the recording created by the court reporter. These depositions will continue from day to day until completed.   These depositions will continue from day to day until completed.

In compliance with the Americans with Disabilities Act of 1990, you are hereby notified that if you require special accommodations due to a disability, contact Marie A. Mattox no later than seven (7) days prior to the date your appearance is required pursuant to this notice to insure that reasonable accommodations are available.

PLEASE GOVERN YOURSELF ACCORDINGLY.

Respectfully submitted,


/s/ Adam Ellis
Adam Ellis [FBN 35628]
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Primary Email: adam@mattoxlaw.com
Secondary Email: michelle@mattoxlaw.com
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via email on October 21, 2019 to:


    Richard C. McCrea, Jr.
    Catherine H. Molloy
    Cayla M. Page
    GREENBERG TRAURIG, P.A.
    101 E. Kennedy Boulevard, Suite 1900
    Tampa, Florida 33602

    E. Nicole Palmer, Esq.
    14 North Palafox Street
    PO Box 13510
    Pensacola, FL 32591-3510

                          s/ Adam Ellis
                          Adam Ellis


cc:    For the Record

Filing # 97857376 E-Filed 10/25/2019 08:36:31 AM

### IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
### IN AND FOR LEON COUNTY, FLORIDA

CHRISTINA WORLEY

          Plaintiff,                             CASE NO.: 2019 CA 000697

vs.

FLORIDA DEPARTMENT OF CORRECTIONS,
MHM HEALTH PROFESSIONALS, INC. and
MHM HEALTH PROFESSIONALS, LLC

          Defendants.

### STIPULATED ORDER GRANTING DEFENDANT, FLORIDA DEPARTMENT OF CORRECTIONS' REQUEST TO TRANSFER

        THIS CAUSE HAVING come before the Court on Defendant, Florida Department of Corrections' Motion to Dismiss Plaintiff's Complaint, and the Court having considered the Motion, and being otherwise fully advised by the Parties, finds:

        1.     The parties stipulate to the transfer of venue in this matter. Defendant Florida Department of Corrections' request to transfer this civil action, Case No.: 2019-CA-000697, to the Circuit Court in and for Washington County, pursuant to Rule 1.060 of the Fla. R. Civ. P. is therefore GRANTED.

        2.     Defendant, Florida Department of Corrections has waived its home venue privilege.

        DONE AND ORDERED in Chambers, Tallahassee, Florida, this   __25__   day of October, 2019.

                                                 Honorable Kevin Carroll

cc:    Nicole Palmer
       Adam Ellis
       Catherine Molloy



THE HONORABLE
# GWEN MARSHALL
CLERK OF THE CIRCUIT COURT AND COMPTROLLER

CLERK OF COURTS • COUNTY COMPTROLLER • AUDITOR • TREASURER • RECORDER

CIVIL CUSTOMER ASSISTANCE DIVISION

October 31, 2019

Washington County Clerk of Court and Comptroller
Attn Circuit Civil
1293 Jackson Ave.
Chipley, FL 32428

Re: Case# 2019 CA 000697  Christina Worley vs Dept. of Corrections

Dear Clerk:

In accordance with the order of this Court in the above-styled cause, enclosed is the
☐ original file or     ☑ copies of the file
along with a certified copy of the order of transfer. There is no filing fee associated with this case.

Please sign below indicating receipt for the file and return a copy of the signed letter to this office.

Sincerely,

Gwen Marshall, Clerk & Comptroller
Serving the Citizens of Leon County

BY: *Yolanda Smith*
Deputy Clerk

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | 10/31/2019 |
| $ | |
| Extra Services & Fees (check box, add fee as appropriate) | 2019 CA 000 697 |
| ☐ Return Receipt (hardcopy)  $ | Postmark |
| ☐ Return Receipt (electronic)  $ | Here |
| ☐ Certified Mail Restricted Delivery  $ | |
| ☐ Adult Signature Required  $ | |
| ☐ Adult Signature Restricted Delivery $ | |

Washington County Clerk of Court and
Comptroller
Attn Circuit Civil
1293 Jackson Ave.
Chipley, FL 32428

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

7019 0700 0000 8760 7161



THE HONORABLE
# GWEN MARSHALL
CLERK OF THE CIRCUIT COURT AND COMPTROLLER
CLERK OF COURTS • COUNTY COMPTROLLER • AUDITOR • TREASURER • RECORDER
## CIVIL CUSTOMER ASSISTANCE DIVISION

October 31, 2019

Washington County Clerk of Court and Comptroller
Attn Circuit Civil
1293 Jackson Ave.
Chipley, FL 32428

Re: Case# 2019 CA 000697  Christina Worley vs Dept. of Corrections

Dear Clerk:

In accordance with the order of this Court in the above-styled cause, enclosed is the
☐ original file or     ☑ copies of the file
along with a certified copy of the order of transfer.  There is no filing fee associated with
this case.

Please sign below indicating receipt for the file and return a copy of the signed letter to
this office.

Sincerely,

Gwen Marshall, Clerk & Comptroller
Serving the Citizens of Leon County

BY: _____
      Deputy Clerk

Received

11|4 A

Filing # 98591904 E-Filed 11/08/2019 10:05:40 AM

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL
## CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**CHRISTINA WORLEY,**

    **Plaintiff,**

**v.**                                    **Case No. 2019-CA-000697**

**FLORIDA DEPARTMENT OF CORRECTIONS**
**MHM HEALTH PROFESSIONALS, INC., and**
**MHM HEALTH PROFESSIONALS, LLC,**

    **Defendants.**

_____/

## NOTICE OF SERVING DEFENDANT'S ANSWERS
## AND OBJECTIONS TO SECOND SET OF INTERROGATORIES

Defendant MHM Health Professionals, LLC hereby gives notice of serving its

Answers and Objections to Plaintiff's Second Set of Interrogatories.

Respectfully submitted,

/s/Catherine H. Molloy
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 33500
Email: molloyk@gtlaw.com
Cayla M. Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, Florida 33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
*Attorneys for Defendant MHM Health*
*Professionals, LLC*

*ACTIVE 44711305v1*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 8, 2019, I electronically filed the foregoing document with the Clerk of the Court by using the E-Filing Portal, which will send a notice electronically to:

Adam Ellis, Esq.
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
adam@mattoxlaw.com
jervonie@mattoxlaw.com
michelle2@mattoxlaw.com

/s/Catherine H. Molloy
Attorney

*ACTIVE 44711305v1*

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

Washington County Clerk of Court and
Comptroller
Attn Circuit Civil
1293 Jackson Ave.
Chipley, FL 32428



9590 9402 2296 6225 5858 31

2019CA 000697

2. Article Number *(Transfer from service label)*

7019 0700 0000 8760 7161

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Jh Petts*
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*
John Pettis

C. Date of Delivery
11-4-19

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

GWEN MARSHALL
CLERK & COMPTROLLER
LEON COUNTY, FLORIDA
2019 NOV 26   AM 10:33

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

Filing # 101802819 E-Filed 01/16/2020 04:52:34 PM

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

CHRISTINA WORLEY

        Plaintiff,                         CASE NO.: 2019 CA 000697

vs.

FLORIDA DEPARTMENT OF CORRECTIONS,
MHM HEALTH PROFESSIONALS, INC. and
MHM HEALTH PROFESSIONALS, LLC

        Defendants.

_____

## REQUEST FOR COPIES

    Defendant, FLORIDA DEPARTMENT OF CORRECTIONS, by and through its undersigned

counsel, and pursuant to Rule 1.351, Florida Rules of Civil Procedure, requests that Plaintiff furnish

copies of the following:

    1.     Plaintiff's Answers to Defendant Centurion of Florida, LLC's First Set of
           Interrogatories.

* * *

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been provided to the following by

Florida Courts E-Filing Portal on this \16th day of ＿＿Jawwwy＿＿ 2020:

Adam Ellis
Marie A. Mattox, PA
203 North Gadsden Street
Tallahassee, Florida 32301
adam@mattoxlaw.com
michelle2@mattoxlaw.com
jervonie@mattoxlaw.com
*Attorney for Plaintiff*

Richard C. McCrea, Jr.
Catherine H. Molloy
Cayla M. Page
Greenberg Traurig, PA
101 E. Kennedy Blvd., Suite 1900
Tampa, Florida 33602
mccrear@gtlaw.com
molloyk@gtlaw.com
pagec@gtlaw.com
ramosr@gtlaw.com
FLService@gtlaw.com
*Attorney for Defendants, MHM Health
Professionals, Inc. and MHM Health
Professionals, LLC*


E. Nicole Palmer
Florida Bar No. 015554
WADE, PALMER & SHOEMAKER, P.A.
14 N. Palafox Street
P.O. Box 13510
Pensacola, FL 32591-3510
(850) 429-0755
npalmer@wpslawyers.com
jboling@wpslawyers.com
cschreiner@wpslawyers.com
*Attorney for Defendant, Florida Department
of Corrections*

Filing # 102738503 E-Filed 02/04/2020 03:49:22 PM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL
CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

CHRISTINA WORLEY,

      Plaintiff,

v.                           **Case No. 2019-CA-000697**

FLORIDA DEPARTMENT OF
CORRECTIONS and CENTURION
OF FLORIDA, LLC

      Defendants.

_____/

**DEFENDANT MHM HEALTH PROFESSIONALS, LLC'S
NOTICE OF SERVICE OF AMENDED VERIFIED RESPONSES AND
<u>OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES</u>**

**PLEASE TAKE NOTICE** that the original and a copy of Defendant MHM Health

Professionals, LLC's Amended Verified Responses and Objections to Plaintiff's First Set

of Interrogatories has been served by email and by U.S. mail this 4th day of February,

2020 upon:

Adam Ellis
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
marie@mattoxlaw.com
michelle@mattoxlaw.com
marlene@mattoxlaw.com
adam@mattoxlaw.com
jervonie@mattoxlaw.com
emerson@mattoxlaw.com

*ACTIVE 48646249v1*

E. Nicole Palmer
Wade, Palmer & Shoemaker, P.A.
14 North Palafox Street
P.O. Box 13510
Pensacola, Florida 32591
npalmer@wpslawyers.com
cschreiner@wpslawyers.com
jboling@wpslawyers.com

Respectfully submitted,

*/s/Catherine H. Molloy*
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 33500
Email: molloyk@gtlaw.com
Cayla M. Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, Florida 33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
*Attorneys for Defendant*

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL
CIRCUIT IN AND FOR WASHINGTON COUNTY, FLORIDA

CHRISTINA WORLEY,

     Plaintiff,

v.                                   **Case No. 2019-CA-000201**

MHM HEALTH PROFESSIONALS, INC.,
and MHM HEALTH PROFESSIONALS, LLC,

     Defendants.

_____/

### NOTICE OF FILING NOTICE OF REMOVAL
### TO THE UNITED STATES DISTRICT COURT

To:   Lora C. Bell
       Clerk of the Circuit Court & Comptroller
       293 Jackson Avenue, Suite 101
       Chipley, FL

**PLEASE TAKE NOTICE** that on March 6, 2020, Defendant MHM Health

Professionals, LLC f/k/a MHM Health Professionals, Inc. ("MHMHP")[1] filed a Notice of

Removal in the United States District Court for the Northern District of Florida, Panama

City Division. A copy of the Notice of Removal is attached as Exhibit 1.

                             Respectfully submitted,

                             /s/Catherine H. Molloy
                             Richard C. McCrea, Jr.
                             Florida Bar No. 351539
                             Email: mccrear@gtlaw.com
                             Catherine H. Molloy
                             Florida Bar No. 33500
                             Email: molloyk@gtlaw.com
                             Cayla M. Page
                             Florida Bar No. 1003487
                             Email: pagec@gtlaw.com
                             GREENBERG TRAURIG, P.A.

---

[1] MHMHP was converted from a corporation to a limited liability company effective December 31, 2018.

*ACTIVE 48925771v1*

101 E. Kennedy Boulevard, Suite 1900
Tampa, Florida 33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
*Attorneys for Defendant MHM Health
Professionals, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 6, 2020, I electronically filed the foregoing

document with the Clerk of the Court by using the E-Filing Portal, which will send a notice

electronically to:

Adam Ellis, Esq.
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
adam@mattoxlaw.com
jervonie@mattoxlaw.com
michelle2@mattoxlaw.com

E. Nicole Palmer, Esq.
Wade, Palmer & Shoemaker, P.A.
14 N. Palafox Street
Pensacola, FL 32591-3510
npalmer@wpslawyers.com
jboling@wpslawyers.com
cschreiner@wpslawyers.com

/s/Catherine H. Molloy
Attorney

EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHRISTINA WORLEY,

     Plaintiff,

v.                        CASE NO.

MHM HEALTH PROFESSIONALS, INC.
and MHM HEALTH PROFESSIONALS, LLC

     Defendants.

_____/

## NOTICE OF REMOVAL

Defendant MHM Health Professionals, LLC f/k/a MHM Health Professionals, Inc. ("MHMHP"),[1] by and through its undersigned counsel, hereby gives notice of the removal of the above-styled action to the United States District Court for the Northern District of Florida, Panama City Division, and states as follows:

I.

## INTRODUCTION

1.    This action is being removed pursuant to 28 U.S.C. § 1441(a) and (b) and 28 U.S.C. § 1332(a).

---

[1] MHMHP was converted from a corporation to a limited liability company effective December 31, 2018.

*ACTIVE 48927771v1*

2.     On March 21, 2019, Plaintiff Christina Worley ("Worley") filed a Complaint in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida. The case was styled *Christina Worley v. Florida Department of Corrections and Centurion of Florida, LLC,* Case No. 19-CA-000697.

3.     On August 29, 2019, Worley filed Plaintiff's First Amended Complaint amending the parties to include MHM Health Professionals, Inc. and MHM Health Professionals, LLC and removing Centurion of Florida, LLC.

4.     On October 25, 2019, the case was transferred to the Fourteenth Judicial Circuit in and for Washington County, Florida and assigned Case No. 2019-CA-201, styled *Christina Worley v. Florida Department of Corrections, MHM Health Professionals, Inc. and MHM Health Professionals,* LLC.

5.     Worley alleges violations of Florida's Public and Private Whistleblower Acts, §§ 112.3187 and 448.101, *Florida Statutes,* respectively. Worley also alleges gender discrimination and retaliation in violation of the Florida Civil Rights Act ("FCRA"), Chapter 760, *Florida Statutes.*

6.     On September 13, 2019, Worley served Plaintiff's Verified Answers to Defendant's First Set of Interrogatories.

2

7.     On February 18, 2020, Worley filed Plaintiff's Notice of Voluntary Dismissal with Prejudice, voluntarily dismissing all claims against Defendant Florida Department of Corrections.[2]

## II.

## PREREQUISITES TO REMOVAL

8.     Written notice of the filing of this Notice of Removal has been given to all parties in this action, and a copy of the Notice of Removal will be filed promptly with the Clerk of Circuit Court of the Fourteenth Judicial Circuit in and for Washington County, Florida.

9.     A true and legible copy of all process, pleadings, orders, and other papers or exhibits of every kind on file in the Circuit Court Action is attached as **Composite Exhibit "A."**

## III.

## VENUE

10.    Venue is proper in this Court because this action is being removed from Washington County Circuit Court which lies within the

---

[2] Pursuant to Florida Rule of Civil Procedure 1.420, a plaintiff dismiss his/her/its claims "without order of court (A) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision."

ACTIVE 48927771v1

Northern District of Florida, Panama City Division. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

## IV.

## DIVERSITY JURISDICTION

11.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  Therefore, the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## V.

## DIVERSITY CITIZENSHIP

12.     Under 28 U.S.C. § 1441(b), a defendant may only remove an action from state court to federal court if the federal court would possess original jurisdiction over the subject matter. In the case at bar, the source of original jurisdiction is 28 U.S.C. § 1332, which grants federal district courts jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between... citizens of different states."

4

13.     Plaintiff is domiciled in Florida.  *See* First Amd. Compl. at ¶ 3.

14.     MHMHP is a Delaware limited liability company with its principal place of business where its officers direct, control, and coordinate its activities at 1593 Spring Hill Rd., Suite 610, Vienna, Virginia. MHM Services, Inc. is the sole member of MHMHP.  MHM Services, Inc. is a Delaware corporation with its principal place of business where its officers direct, control, and coordinate its activities at 7700 Forsyth Boulevard, St. Louis, Missouri.  *See* **Exhibit "B" at ¶¶ 4, 5 and 6.**

## VI.

## <u>AMOUNT IN CONTROVERSY</u>

15.     Plaintiff seeks legal and equitable relief including but not limited to, compensation for lost wages and benefits, attorneys' fees and costs, and injunctive relief. *See* First Amd. Compl. at ¶¶ 38, 48, 55.  Plaintiff also alleges that the damages are continuing and permanent.  *See* First Amd. Compl. at ¶¶ 48 and 55.

16.     As noted above, on September 13, 2019, Worley served Plaintiff's Verified Answers to Defendant's First Set of Interrogatories. Plaintiff alleged that her lost wages, at that time, totaled $81,250.00. Moreover, Plaintiff also alleged that she intended to work "10 more years" totaling $650,000.  *See* **Exhibit "C."**  Worley's discovery responses satisfy

*ACTIVE 48927771v1*

the amount in controversy required for removal based on diversity of jurisdiction.

17.   28 U.S.C. § 1446 (b) provides, in pertinent part:

The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

18.   This action became removable on February 18, 2020 when complete diversity was established as a result of the dismissal of Defendant Florida Department of Corrections.  *See* **Exhibit "D."**

19.   Further, this removal is "within thirty days after receipt by the defendant … of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" and from which MHMHP first "ascertained that the case is one which … has become removable." 28 U.S.C. § 1446 (b).

6

**WHEREFORE,** Defendant MHM Health Professionals, LLC f/k/a MHM Health Professionals, Inc. removes the above-styled action now pending against it in the Circuit Court of the Fourteenth Judicial Circuit in and for Washington County, Florida, to the United States District Court for the Northern District of Florida, Panama City Division.

Respectfully submitted,

/s/Catherine H. Molloy
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 33500
Email: molloyk@gtlaw.com
Cayla M. Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard
Suite 1900
Tampa, Florida 33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 6, 2020 the foregoing document was sent electronically to:

Adam Ellis, Esq.
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
adam@mattoxlaw.com
jervonie@mattoxlaw.com
michelle2@mattoxlaw.com

E. Nicole Palmer, Esq.
Wade, Palmer & Shoemaker, P.A.
14 N. Palafox Street
Pensacola, FL 32591-3510
npalmer@wpslawyers.com
jboling@wpslawyers.com
cschreiner@wpslawyers.com

/s/Catherine H. Molloy
Attorney

ACTIVE 48927771v1

COMPOSITE EXHIBIT A

Filing # 86796279 E-Filed 03/21/2019 11:50:52 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law.  This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes.  (See instructions for completion.)

I.   **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SECOND</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u>   COUNTY, FLORIDA

Case No.: <u>2019 CA 000697</u>
Judge: _____

<u>CHRISTINA WORLEY</u>
Plaintiff

vs.

<u>FLORIDA DEPARTMENT OF CORRECTIONS, CENTURION OF FLORIDA LLC</u>
Defendant

II.   **TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.  **REMEDIES SOUGHT** (check all that apply):
     ☒ Monetary;
     ☒ Non-monetary declaratory or injunctive relief;
     ☒ Punitive

IV.  **NUMBER OF CAUSES OF ACTION:** (    )
    (Specify)

    <u>1</u>

V.  **IS THIS CASE A CLASS ACTION LAWSUIT?**
     ☐ Yes
     ☒ No

VI.  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
     ☒ No
     ☐ Yes – If "yes" list all related cases by name, case number and court:

VII.  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
     ☒ Yes
     ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Marie A Mattox</u>    FL Bar No.: <u>739685</u>
    Attorney or party
                                                (Bar number, if attorney)

    <u>Marie A Mattox</u>    <u>03/21/2019</u>
      (Type or print name)
                                           Date

Filing # 86796279 E-Filed 03/21/2019 11:50:52 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

**CHRISTINA WORLEY,**

      **Plaintiff,**

v.

**FLORIDA DEPARTMENT OF
CORRECTIONS and CENTURION OF
FLORIDA, LLC,**

      **Defendants.**

_____/

**CASE NO: 19-CA-** 2019 CA 000697
**FLORIDA BAR NO. 0739685**

**COMPLAINT**

Plaintiff, CHRISTINA WORLEY, sues Defendant, FLORIDA DEPARTMENT OF

CORRECTIONS and CENTURION OF FLORIDA, LLC, and alleges as follows:

**NATURE OF THE ACTION**

1.     This action is pursuant to § 112.3187, Florida Statutes (Florida's Public Employee

Whistleblower Act), § 448.101 *et seq.*, Florida Statutes (Florida's Private Employee

Whistleblower Act), and Chapter 760, Florida Statutes.

2.     This is an action for damages in excess of Fifteen-Thousand ($15,000.00) Dollars,

exclusive of attorney's fees and costs.

**PARTIES**

3.     At all times material hereto, Plaintiff, CHRISTINA WORLEY, has been a resident

of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class

because of her gender and because she reported unlawful conduct and was subjected to retaliation

thereafter. Accordingly, Plaintiff is *sui juris*.

4.      At all times material hereto, Defendant, FLORIDA DEPARTMENT OF

CORRECTIONS ("Defendant DOC"), has been organized and existing under the laws of the

State of Florida.  At all times pertinent to this action, Defendant has been an "employer" as that

term is used under the applicable laws identified above.  Defendant was Plaintiff's employer as it

relates to these claims.

5.      At all times material hereto, Defendant, CENTURION OF FLORIDA, LLC

("Defendant Centurion"), has been organized and existing under the laws of the State of Florida.

At all times pertinent to this action, Defendant has been an "employer" as that term is used under

the applicable laws identified above.  Defendant was Plaintiff's employer as it relates to these

claims. Defendant Centurion entered into a contractual agreement with Defendant DOC to

provide comprehensive health care services.

**CONDITIONS PRECEDENT**

6.      Plaintiff has satisfied all conditions precedent to bringing this action in that

Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and

with the EEOC. This action is timely filed thereafter.

**STATEMENT OF THE ULTIMATE FACTS**

7.      Plaintiff began her employment with Defendants DOC and Centurion in May 2016

and held the position of Registered Nurse at Defendant DOC's Northwest Florida Reception

Center at the time of her wrongful termination on December 29, 2017.

8.      Plaintiff was subjected to a hostile work environment, disparate treatment,

different terms and conditions of employment, and was held to a different standard because of her

gender (female) and was the victim of retaliation after her reporting. Moreover, Plaintiff reported

Defendants' actual or suspected violations of laws, rules and/or regulations and/or malfeasance,

2

misfeasance, and gross misconduct and was subject to further retaliation leading up to her wrongful termination.

9.      The mistreatment came at the hands of specifically but not limited to Director of Nursing ("DON") Brandi Blocker, Health Services Administrator Tara Johnson, and Human Resource Direction Sara Brus.

10.      In July 2017, Plaintiff reported to DON Blocker that an inmate was not receiving appropriate medical care given the severity of his medical condition. Plaintiff subsequently filed a complaint with Defendant reporting the actual and/or suspected violations of laws, rules and/or regulations and/or misfeasance, malfeasance, and/or gross misconduct.

11.      Specifically, in or around June 2017, an inmate housed with Defendant was sent to an outside hospital and placed on life support. On June 16, 2017, Defendant was notified that said inmate would not be transferred back to Defendant, but rather a separate DOC facility that was more equipped to handle the inmate's medical conditions. However, on June 17, 2017, Plaintiff was notified by DON Blocker that said inmate would be returning to Defendant's care at the same institution. As such, Plaintiff and her co-workers attempted to get all patient supplies needed for this inmate's medical condition; however, Defendant did not have the appropriate supplies available. Plaintiff subsequently reported to DON Blocker that Defendant, at the existing facility, would not be able to adequately care for this inmate. Nevertheless, Defendant accepted the inmate back even without the proper medical supplies and equipment.

12.      Upon the inmate's arrival back at the facility, RN Bahillo assessed the patient and again determined that Defendant did not have the adequate equipment or staff to appropriately care for the inmate. Nevertheless, Dr. Lay, who had never seen nor medically treated the patient, called RN Bahillo and stated that Defendant would accept the inmate. The following Monday, the inmate died after suffering from an elevated temperature with no IV pain medication and/or