UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**CHRISTINA WORLEY,**

    **Plaintiff,**

v.                          **CASE NO. 5:20-cv-00076-TKW-MJF**

**MHM HEALTH PROFESSIONALS, INC. and MHM HEALTH PROFESSIONALS, LLC,**

    **Defendants.**

    _____/

## REPORT OF THE PARTIES' PLANNING MEETING

1. The following persons participated in a Rule 26(f) conference on April 9, 2020 and April 14, 2020, by electronic mail:

    (a) Adam Ellis, representing Plaintiff;

    (b) Catherine H. Molloy and Cayla M. Page, representing Defendant[1];

2. Initial Disclosures.

The parties will complete by **May 9, 2020**, the initial disclosures required by Rule 26(a)(1).

3. Discovery Plan. The parties propose this discovery plan:

---

[1] MHM Health Professionals, Inc. was converted from a corporation to a limited liability company effective December 31, 2018. Accordingly, MHM Health Professionals, Inc. and MHM Health Professionals, LLC are the same entity.

ACTIVE 49913760v1

  (a) Discovery will be needed on these subjects:

Plaintiff's claims and all other allegations in Plaintiff's Amended Complaint and matters incidental thereto; Defendant's defenses and all responses and averments in Defendant's Answer and Affirmative Defenses matters incidental thereto; Plaintiff's damages and Defendant's defenses thereto; and Plaintiff's efforts to mitigate and matters incidental thereto.

The parties also agree that disclosure or discovery of electronically stored information should be handled as follows:

The Parties agree that discovery of electronically store information should be governed by the Federal Rules of Civil Procedure.

The parties further agree that all ESI shall be produced on a CD/removable drive/cloud link.  The Parties will preserve true and correct copies of all ESI that is responsive to another party's discovery requests, and will the same electronically.

The Parties agree to take reasonable steps, and to adjust retention practices accordingly, to preserve ESI related to the claims and defenses asserted in the pleadings.

The Parties will assert any claims of privilege or attorney work product over ESI in their written discovery responses.  To the extent any such privileged information is inadvertently produced, the producing party shall

identify such information within ten days of production and the receiving party will immediately return or destroy such information.  Should the receiving party dispute the designation of information as privileged or protected work product, she or it will promptly meet and confer with the producing party in an effort to resolve the dispute.  If the dispute is not resolved, the receiving party may file an appropriate motion.

The Parties do not anticipate other problems arising in connection with ESI discovery but will make a good-faith effort to resolve any such matters that may arise.

**The Parties are in disagreement, however, as to the precise number of custodians and search terms to which ESI discovery may be propounded/collected.  Defendant proposes 5 custodians and 5 search terms.  Plaintiff does not agree to any limitations on custodians and/or search terms.**

    (b)   Dates for commencing and completing discovery, including discovery to be commenced or completed before other discovery.

All discovery responses and objections shall be served 30 days after the discovery is served upon the party.  If such deadline falls on a Saturday or Sunday, the party shall serve her/its responses on the following Monday.

3

If such deadline falls on a federally-recognized holiday, the party shall serve her/its responses on the following business day.

The parties agree that discovery responses and objections, as well as any and all document productions, may be served by electronic mail.

The parties respectfully request that the Court extend the discovery deadline, up to and including **February 1, 2021**, due to preexisting professional obligations during large portion of the proposed discovery timeline set by the Court and preexisting litigation that may make the availability of witnesses difficult. Further, the parties are concerned about availability of witnesses during the current pandemic (COVID19), which will likely delay discovery in this matter.

(c) Maximum number of interrogatories by each party to another party, along with the dates the answers are due.

Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. *See* Fed. R. Civ. P. 33(a). The parties agree that responses and objections to any and all interrogatories served shall be due 30 days after the date in which the interrogatories were propounded. The parties will amend or supplement discovery as soon as possible, but no later than fourteen (14) days after being put on written notice of the need to supplement or amend.

      (d)    Requests for admission.

Absent leave of court, the parties agree to be bound by Fed. R. Civ. P. 34. The parties agree that responses and objections to any and all requests for production served shall be due 30 days after the date in which the requests for production were propounded. The parties will amend or supplement discovery as soon as possible, but no later than fourteen (14) days after being put on written notice of the need to supplement or amend.

      (e)    Maximum number of requests for admission, along with the dates responses are due.

Absent leave of Court, the parties agree to the limits set forth in Fed. R. Civ. P. 36. The parties agree that responses and objections to any and all requests for admission served shall be due 30 days after the date in which the requests for admission were propounded. The parties will amend or supplement discovery as soon as possible, but no later than fourteen (14) days after being put on written notice of the need to supplement or amend.

      (f)    Maximum number of depositions by each party.

Absent leave of Court, the parties agree to the limits set forth in Fed. R. Civ. P. 30 and Fed. R. Civ. P. 31 and may take no more than ten depositions per side (not per party). *See* Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A).

    (g)    Limits on the length of depositions, in hours.

Absent leave of Court, the parties agree to the limits set forth in Fed. R. Civ. P. 30(d)(1) and agree that all depositions are limited to 1 day of 7 hours.  Dates for exchanging reports of expert witnesses.

Absent leave of Court, the parties agree that, pursuant to Fed. R. Civ. P. 26(a)(2), Plaintiff's expert disclosure shall be due by **May 15, 2020** and that Defendant's expert disclosure shall be due by **June 19, 2020**.  Plaintiff's rebuttal reports may be served 30 days after Defendant's expert report, if any.

Third parties or parties added or joined later shall disclose their experts under Rule 26(a)(2) within 60 days after appearance in this case, or within 30 days after the disclosure by the opposing party, whichever is the longer period.

    (h)    Dates for supplementations under Rule 26(e).

The parties will amend or supplement discovery as soon as possible, but no later than fourteen (14) days after being put on written notice of the need to supplement or amend.

    4.    Other Items:

        (a)    A date if the parties ask to meet with the court before a scheduling order.

The parties do not require a meeting with the Court before a scheduling Order is entered.

    (b)    Requested dates for pretrial conferences.

In accordance with this Court's Initial Scheduling Order [Doc. 5], the parties agree that the Court "will enter an order after the completion of discovery which will set a pretrial conference and will specify the parties' comprehensive trial disclosure and preparation requirements."

    (c)    Final dates for the plaintiff to amend pleadings or to join parties.

Absent leave of Court, the parties agree that the deadline for Plaintiff to add parties or to amend pleadings is **June 26, 2020**.

    (d)    Final dates for the defendant to amend pleadings or to join parties.

Absent leave of Court, the parties agree that the deadline for Defendant to add parties or to amend pleadings is **July 27, 2020**.

    (e)    Final dates to file dispositive motions.

The parties agree that motions for summary judgment be filed 21 days after the close of discovery.

    (f)    State the prospects for settlement.

The parties are unlikely to settle.

ACTIVE 49913760v1

(g) Identify any alternative dispute resolution procedure that may enhance settlement prospects.

The parties agree that mediation may enhance settlement prospects.

(h) Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists.

In accordance with this Court's Initial Scheduling Order [Doc. 5], the parties agree that the Court "will enter an order after the completion of discovery which will set a pretrial conference and will specify the parties' comprehensive trial disclosure and preparation requirements

(i) Final dates to file objections under Rule 26(a)(3).

The parties agree that objections pursuant to Rule26(a)(3) shall be filed 14 days after the filing in which the party is objecting.

(j) Suggested trial date and estimate of trial length.

The parties agree that a trial may be set in **July 2021**, which is later than 8 months after this case was removed. The parties justification for a later discovery period and trial has been set forth above.

The parties request a 5-day trial.

(k) Other matters.

    i.    The parties agree that all motions and responses shall be served and filed within the time required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

   ii.    The parties agree that motions filed may be disposed of without hearing.  See N.D. Fla. Loc. R. 7.1.

  iii.    The parties agree that if the rules and this order do not provide a time for the filing or service of motions or pleadings, then such motions or pleadings shall be served and filed within the period provided for the completion of discovery.

  iv.    The parties agree that if any party inadvertently produces electronically-stored information, or other documents, that the producing party claims after production are privileged, the producing party will notify the opposing party within three (3) business days of learning of the inadvertent production. Thereafter, the opposing party shall promptly return or destroy the document(s), and must take reasonable steps to retrieve the information from third parties,

    including expert witnesses. The parties reserve their right, however, to claim that the information disclosed was not privileged or that the privilege was waived.

  v. The parties agree that due to the nature of Defendant's business, which includes providing medical and mental health care to inmates incarcerated in prisons throughout Florida, it may become necessary to seek a protective order, enter into a confidentiality agreement and/or seek a confidentiality order.

Date: April 23, 2020

      Respectfully submitted,

| | |
|---|---|
| /s/Adam Ellis | /s/Catherine H. Molloy |
| Adam Ellis | Richard C. McCrea, Jr. |
| Florida Bar No. 35628 | Florida Bar No. 351539 |
| Email: Adam@mattoxlaw.com | Email: mccrear@gtlaw.com |
| MARIE A. MATTOX, P.A. | Catherine H. Molloy |
| 203 North Gadsden Street | Florida Bar No. 3500 |
| Tallahassee, FL  32303 | Email: molloyk@gtlaw.com |
| (850) 383-4800 (telephone) | Cayla M. Page |
| (850) 383-4801 (facsimile) | Florida Bar No. 1003487 |
| *Attorney for Plaintiff* | Email: pagec@gtlaw.com |
| | GREENBERG TRAURIG, P.A. |
| | 101 E. Kennedy Boulevard |
| | Suite 1900 |

ACTIVE 49913760v1